## JOHN W. PAWLING v. W. H. HOSKINS, ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 29, 1890—Decided March 3, 1890.
[To be reported.]

1. When the negligence of the defendant is the ground upon which a recovery in damages is sought, the burden of proof is on the plaintiff and he must show the negligence of which he complains; the only exception to this rule being the case of an injury to a passenger with a common carrier, occurring in consequence of an accident affecting the means and appliances of carriage.

2. The maintenance of a trap-door in the floor of a hallway in a manufacturing establishment, as a necessary means of reaching the cellar, when all the employees have knowledge of its existence and use, and the only one of them having occasion to use it has strict orders always to close it after him, is not negligence in the proprietors toward their workmen, although it be without any device for keeping it closed, and the hallway be imperfectly lighted.*

---

* See Clough v. Hoffman, post, 626.

Statement of Facts.

3. An employee who, with knowledge that such a trap-door has been used within a few minutes, runs rapidly along the hallway in which it is situated, without looking to see whether it is open or closed, and, the door being open, falls through the opening in consequence of his neglect so to be on the lookout, is guilty of contributory negligence which will prevent a recovery against his employers for the injuries thus received.

4 But, leaving out of view the question of contributory negligence, the plaintiff in such case cannot recover when the leaving of the door open was caused by the negligence of a co-employee; and the engineer in charge of a steam engine furnishing heat and power for a printing and engraving establishment, and using such trap-door as the means of getting to and from the engine, is a fellow servant of the foreman of the composing room.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 80 January Term 1890, Sup. Ct.; court below, No. 40 September Term 1888, C. P. No. 4.

On September 13, 1888, John W. Pawling brought trespass against William H. Hoskins and Thomas A. Wiley, trading as W. H. Hoskins Co., to recover for personal injuries alleged to have been received by the plaintiff in consequence of negligence on the part of the defendants. The defendants' plea was not guilty.

At the trial on April 22, 1889, the following facts were shown: The defendants carried on a general stationery, steam printing and engraving business at No. 927 Arch street, Philadelphia, occupying for that purpose the entire building. The first floor was occupied as a sales room. An entry and hallway at one side of and entirely separated from the sales room led to a stairway which was the only means by which the workmen employed upon the upper floors could reach their places of work. The cellar of the building was used in part as an engine room, steam being applied both in heating the building and in running the machinery employed in it. The engineer in charge of the steam engine was always the first person to enter the building in the morning, and the last to leave it at night. He was required to be in attendance as early as six o'clock in the morning, in order to have heat and steam power provided by the time the operatives were to be in their places. His means of getting into the cellar was a trap-door in the

Charge of Court below.

floor of the hallway above mentioned. It was situated about sixteen feet from the street door and directly in front of the stairway. The opening in the floor was 22 by 24 inches, and the trap-door covering it was opened and shut upon hinges. There were no devices upon it to keep it closed, when not in use, and it was not surrounded by any railing or guard. The hallway was lighted by a transom over the street door. As to the amount of light thus admitted to the hall, the evidence was conflicting. No one but the engineer was allowed to use the trap-door, and his orders were to keep it constantly closed, except while actually passing through it.

On the morning of November 28, 1887, the engineer reached the building about fifteen minutes before six o'clock, opened the door of the hallway, entered and passed through the trap-door to his work. He subsequently opened the trap-door and passed through the opening twice, the last time at twenty minutes before seven. His testimony was that he then closed the door after him. Other employees had arrived in the building by that time.

The plaintiff, who was employed by the defendants as foreman of their composing room, rode down Arch street upon a street car, and when opposite the building, at fifteen minutes before seven, jumped off and ran across the sidewalk and through the hallway, with the intention of hurrying up the stairs to his work. He knew of the existence and location of the trap-door, was acquainted with the use made of it, and ran along the hall without looking where he was going. The trap-door was open, but he did not observe this, and fell into the opening and was injured.

Testimony for the plaintiff tended to show that the hallway was so dark that it would not be easy to notice whether the trap-door was open or closed.

At the conclusion of the testimony the court, ARNOLD, J., charged the jury in part as follows:

I have concluded to leave to you the question, upon the facts of this case, whether there was any negligence proved against the defendants. In determining that, you will necessarily inquire into all the facts and surroundings; into the nature of the employment; means of getting to it; nature and character

of the trap-door or hole, into which the plaintiff fell; and what is usual or what ought to be done for the purpose of making it safe.

It was not a hatchway; it is admitted by both sides that it was not a hole which was kept open. The plaintiff's own witnesses testify to that. The plaintiff himself says it was not continually kept open; he knew it was there. Its proper condition, according to the testimony of both sides, was to be closed; and it was opened when the engineer wanted to go down to the cellar to attend to his work. Under those circumstances, I leave to you to say whether a trap-door like that ought to have a guard rail around it at all. Was it or was it not negligence on the part of these defendants to leave that hole without a railing around it; a hole which was not a hatchway, a hole which had a trap-door on it; a hole which, according to all the testimony of the case, was intended to be kept closed and only opened when in use by the engineer going up or down? Could you find any fault with the defendants for not having around that trap-door a railing, continually there in that hallway? I leave that question to be determined, in inquiring into the negligence of these defendants.

If you find the defendants are not in fault in that respect, then the question will come to this: Was the accident the fault of the defendants, or the fault of their employee, the engineer? . . . . .

When by the carelessness, omission, neglect, oversight or fault of one workman, another is injured, there is no responsibility resting upon the employer. If you find that to be the fact of this case, and I am free to say that the evidence seems to be very strong on that point, that the accident was the fault of the engineer who left that trap-door open, out of its usual condition, and that there was no responsibility or no duty on the part of the employer to keep a rail around it, in that case, the defendants are exonerated from responsibility and ought not to be charged with this injury. Exactly how the injury occurred, by whose fault or neglect, is a question which, as I said before, I leave to you. You must settle it upon the evidence. . . . .

I am requested by the defendants to charge you upon the following points:

### Charge of Court below.

1. If two persons are in the employ of a common employer, engaged in the same common work and performing duties and services for the same general purpose, although their duties and services differ, those persons are co-employees, within the rule that an employer is not responsible to an employee for an injury caused by the negligence of a co-employee.

Answer: That point I affirm.

2. If the jury find that the plaintiff's alleged injury was caused by the negligence of a co-employee of the plaintiff, under the defendants, then the plaintiff cannot recover.

Answer: That point I affirm.

3. If the jury find that the plaintiff's alleged injury was caused by the negligence of the engineer employed by the defendants, who was a co-employee of the plaintiff, then the plaintiff cannot recover.

Answer: That point I affirm.

4. If the plaintiff knew of the existence of the trap-door in the floor of the hallway through which he had to go to reach his work in the building occupied by the defendants, and that this trap-door was opened each morning to permit the engineer to enter the cellar before other employees of the defendants reached the building in which plaintiff was working, then the plaintiff is assumed to have undertaken to run the risk of said trap-door being left open by the engineer, and the plaintiff is not entitled to recover.

Answer: That point I affirm. A man is not entitled to recover damages for the risk which he knows is before him, in his path. In the case of danger, it is his duty to look out for it and avoid it. The point presents a question of law upon which I instruct you as requested by the defendants.

5. The plaintiff, to entitle him to recover, must show a case clear of his concurrent negligence, a case resulting exclusively from the negligence and wrong of the defendants.

Answer: That point I affirm. As I said, in the beginning of the charge, no man can be held responsible, except on proof of negligence on the part of the defendants.

7. The uncontradicted testimony having shown that the plaintiff knew of the existence of the trap-door in the hallway through which he had to pass to reach his place of duty in the defendants' employ, and that the plaintiff ran into the hallway

Arguments.

immediately preceding the time of the alleged accident, without looking where he was going, he was guilty of contributory negligence and cannot recover.

Answer: I decline to affirm that point.[1]

8. The verdict of the jury should, upon all the evidence, be for the defendants.

Answer: I decline to affirm that point.[3]

Foreman: Have we a right to question the position of this trap-door, as forming negligence on the part of the defendants?

By the court: Yes. That is all a matter for you to determine. You have the whole of the evidence before you. I do not know that the trap-door would be much more dangerous near the front than it would be back and near the stairway; it is a trap-door all the same. There is one thing about it; if people work where there are trap-doors and know all about them, they take the risk of those trap-doors and ought to keep their eyes open.

The jury rendered a verdict for the plaintiff for $260. A rule for a new trial having been discharged, judgment was entered on the verdict; whereupon the defendants took this appeal, assigning for error:

1, 3. The answers to defendant's points.[1] [3]

*Mr. Alfred Frank Custis*, for the appellants:

1. In the absence of proof, negligence of the defendants will not be presumed: Goshorn v. Smith, 92 Pa. 435; Huey v. Gahlenbeck, 121 Pa. 238; Crawford v. Stewart, 19 W. N. 48. If this door was open, there is not a word of testimony to charge the defendants with responsibility for or knowledge of that fact. It was as much the plaintiff's business as that of any one else to see that it was closed: Rick v. Cramp, 22 W. N. 79; and if he contributed in the least degree to the accident, he is not entitled to recover: Erie City v. Magill, 101 Pa. 616; Monongahela City v. Fischer, 111 Pa. 9; Delaware etc. R. Co. v. Cadow, 120 Pa. 559; Bloomsburg Steam Co. v. Gardner, 126 Pa. 80. Although he refused to give binding instructions, the learned judge affirmed this doctrine in his answer to the fourth point of the defendants.

2. A servant cannot recover for an injury received by expos-

Arguments.

ure to danger after he has had an opportunity of becoming acquainted with the risks of the employment and has accepted them: Green etc. Pass. Ry. Co. v. Bresmer, 97 Pa. 103; Sykes v. Packer, 99 Pa. 465; Rummell v. Dilworth, 111 Pa. 343; Rick v. Cramp, 22 W. N. 79; Wannamaker v. Burke, 111 Pa. 423. Moreover, there is no evidence that the plaintiff or any one else ever complained to the defendants of the trap-door. Assuming the accident to have occurred as alleged, it must have been through the negligence of a co-employee, for which the defendants are not responsible: Johnston v. Railroad Co., 114 Pa. 443; National Tube Works Co. v. Bedell, 96 Pa. 175. The facts being undisputed, the case should have been withheld from the jury: Hoag v. Railroad Co., 85 Pa. 293; King v. Thompson, 87 Pa. 366; Erie City v. Magill, 101 Pa. 616; Longenecker v. Penna. R. Co., 105 Pa. 328; Hayman v. Railroad Co., 118 Pa. 509; Barnes v. Sowden, 119 Pa. 53.

*Mr. A. S. Ashbridge, Jr.*, for the appellee:

1. The defendants cannot relieve themselves from liability by saying that the door was left open by the engineer, a co-employee of the plaintiff, for he, when called by them, denied that he had done this, and they are bound by his answer. There was, then, no evidence that the injury occurred through the fault of a co-employee, and its occurrence raises an inference that the trap-door was improperly constructed. The fact that there was no guard rail or spring, and that a spring was placed upon it immediately after the accident, was evidence of negligence: Penna. R. Co. v. Henderson, 51 Pa. 315; West Chester etc. R. Co. v. McElwee, 67 Pa. 311; McKee v. Bidwell, 74 Pa. 218. It was for the jury to say, upon this evidence, whether the defendants should not have guarded the place: Oakland Ry. Co. v. Fielding, 48 Pa. 320; Johnson v. Bruner, 61 Pa. 58.

2. The facts respecting the amount of light in the hallway were controverted, and in such circumstances the question of negligence is always for the jury: Penna. R. Co. v. Ogier, 35 Pa. 60; Oakland Ry. Co. v. Fielding, 48 Pa. 320. The rule as to stopping, looking and listening, has never been applied to a person entering a hallway; and the fact that the plaintiff did not do this does not show him to be guilty of contributory negligence per se. The trap-door was usually closed, and he had

Opinion of the Court.

a right to assume that it was so then. Nor is his running negligence per se ; many people run before starting up stairs. The question of contributory negligence was for the jury, there being controverted facts and inferences to be drawn therefrom : Penna. R. Co. v. McTighe, 46 Pa. 316 ; Oakland Ry. Co. v. Fielding, 48 Pa. 320 ; Mullan v. Steamship Co., 78 Pa. 25. The plaintiff assumed only such risks as were patent or brought home to him : Johnson v. Bruner, 61 Pa. 58 ; Murphy v. Crossan, 98 Pa. 495. There was no evidence that he knew of the absence of any device to keep the trap closed, or knew that it was without protection when open.

OPINION, MR. JUSTICE WILLIAMS :

Where the negligence of the defendant is the ground upon which a recovery in damages is sought, the burden of proof is on the plaintiff, and he must show the negligence of which he complains. There is a well-recognized exception to this rule in the case of common carriers. After the carrier has entered upon the performance of his contract to carry safely, if an injurious accident happens to or affects any of the means or appliances of carriage, whereby the plaintiff sustains injury, he is required to show only the happening of the accident, and the injury. The burden is then on the carrier to show that the accident was not the consequence of its own fault, or that of its employees, but was due to causes over which it had no control. With this exception, however, the rule is uniform that the burden of proving the facts on which the right to recover rests is on the plaintiff.

In this case, the plaintiff charged in his statement that, " through and by the negligence of the defendants," he was thrown down, and caused to fall into or through, a trap-door on the premises of the defendants, and was thereby cut, bruised, wounded, etc. The proofs showed that the defendants were printers, engravers, and stationers at No. 927 Arch street, in the city of Philadelphia. In the cellar was the engine that furnished power to move the presses and machinery. On the first floor was a sales room. The upper stories were used for work rooms, and contained the presses and other machinery. The store was entered directly from the street. Access to the rest of the building was through a hall or passageway not commu-

Opinion of the Court.

nicating with the store. From this hall the engineer descended to the cellar through the trap-door, which was cut for tha̕t purpose, and the compositors and other employees ascended to the stories above by means of a staircase. The trap-door was used only by the engineer, who was under strict orders from his employers to close it behind him whenever he passed through it. He was the first to enter the building in the morning, and the last to leave it at night. The plaintiff knew the location and use of the door, and passed it several times each day for six months or more before the accident. On the morning of November 28, 1887, the plaintiff came to his work as usual, and, passing rapidly through the hall, fell into the opening at the trap-door. The engineer had passed into the building a few minutes before, and the evidence indicates that he was the only person who had done so prior to the plaintiff's arrival. He says he shut the trap-door behind him; but this is impossible, if, as the plaintiff alleges, it was open when he reached it.

But the question to be considered is, what did the defendants do, or leave undone, in violation of their duty to the plaintiff? In what respect were they negligent? It cannot be said that they were negligent in permitting the plaintiff to pass through the hall without any knowledge of the existence of the trap-door, for he testifies that he knew all about its existence and use. There was no negligence in failing to instruct the engineer in his duty to keep the trap-door closed, for it appears in proof, and is not questioned, that such instructions were carefully given. There was no negligence in the manner of its construction. It was safely built, and when closed prevented the possibility of accident to those passing through the hall. There was no negligence in the fact of its existence, for it is conceded that it was a necessary means of access to the engine in the cellar, by which the machinery of the establishment was moved. By whose fault, then, was the accident made possible? Clearly, by that of a co-employee who neglected to close the trap-door behind him, notwithstanding the positive orders of his employers.

The learned judge of the court below seems to have entertained substantially the same view of the case, as appears by his answer to the defendants' fourth point. The point asked an instruction that, "if the plaintiff knew of the existence of

Syllabus.

the trap-door in the floor of the hallway through which he had to go to reach his work in the building, and that this trap-door was opened each morning to permit the engineer to enter the cellar before other employees of the defendants reached the building in which plaintiff was working, then the plaintiff is assumed to have undertaken to run the risk of said trap-door being left open by the engineer, and the plaintiff is not entitled to recover." The learned judge answered: "This point I affirm. A man is not entitled to recover damages for the risk which he knows is before him, in his path. In the case of danger, it is his duty to look out for it, and avoid it." This covered the whole case. The plaintiff knew of the existence and use of the trap-door. He knew that the engineer by whom it was used reached the building a very few minutes before him, and it was his duty to be on the lookout. He was not. Because he was not, he fell into the opening. But, leaving the subject of his own contributory negligence out of view, the negligence of which he must complain is that of a co-employee, which affords no ground for a recovery in this case.

Judgment is therefore reversed.