JOHN CLOUGH v. SELLERS HOFFMAN.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF DELAWARE COUNTY.

Argued February 12, 1890—Decided March 3, 1890.
[To be reported.]

1. The maintenance of an opening in the floor of a cotton mill, a means of access to a well underneath, is not negligence on the part of the owner, when he had provided a cover therefor, strong and safe when in place, had given orders that it be kept in place, and on one or two occasions, when he learned that it was not so kept, had caused it to be nailed down to the floor.*

2. In an action by an employee for injuries received by falling into such opening, there being no evidence that the opening was left uncovered

---

* See Pawling v. Hoskins, ante, 617.

by the defendant or with his knowledge, and from the evidence it might have been uncovered so shortly before the accident as to have been without his knowledge, it was error to submit to the jury the question of defendant's responsibility: Hoffman v. Clough, 124 Pa. 505, distinguished.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 158 January Term 1890, Sup. Ct.; court below, number and term not given.

On February 15, 1886, John Clough brought case against Sellers Hoffman to recover damages for personal injuries suffered through the alleged negligence of the defendant. The defendant's plea was not guilty.

At the trial on March 7, 1887, the plaintiff recovered a verdict for $1,000, and judgment was afterwards entered thereon. That judgment was reversed by the Supreme Court, with an award of a venire facias de novo, upon a writ of error at No. 187 July Term 1887: Hoffman v. Clough, 124 Pa. 505.

At the subsequent trial, on June 11, 1889, the testimony for the plaintiff was substantially to the same effect as that upon the former trial. It tended to show that the plaintiff, on November 17, 1885, the first day of his employment as a carder in the cotton mill of the defendant, fell into an opening in the floor of the passage way, in which the machine at which he was to work was placed, of which opening he had no previous knowledge; that the opening was a square one, about two feet in diameter, located in the middle of the passage way, but so close to the machine that when dressing the latter a workman would pass over the opening; that under the opening was a well, about ten feet deep, which the workmen employed in the mill, of whom there were about 150, were in the habit of using to obtain drinking water, by means of a bucket or tin can let down into it; that the opening had a covering of loose batten, made with cleats, and so arranged that when in place it would have to be lifted for removal; that the plaintiff, on his arrival at the mill on the morning of the accident, after setting down his tools at one side, stepped to his machine to examine it, and in so doing set his foot upon the batten covering, which, being partially displaced, tilted under him and let him fall

through the opening. Two witnesses, called by the plaintiff, testified that when the covering was in position it would bear weight as well as the rest of the floor, and became unsafe only when displaced. One of them stated that any one could displace it by kicking. There was testimony that the passage way was not very well lighted. No testimony was presented by the plaintiff to show by whom the covering was displaced, or how long prior to the accident it had been so.

The plaintiff having rested, the defendant moved the court for a compulsory nonsuit, upon the ground that no negligence upon the part of the defendant had been shown. The motion was refused, whereupon the defendant introduced testimony to the effect that the taking of water from the well under the floor was contrary to the orders of the defendant; that he had given orders that the opening be kept closed, and had several times had the covering nailed down; that several days prior to November 17, 1885, the defendant had sent the plaintiff to examine the machine, and the place where it was set, in order to see whether he would be satisfied to work there, and the plaintiff reported that he had done so and was satisfied with the machine and its surroundings; that on the morning of the plaintiff's injury he had passed over the opening and stood upon its covering several times before he fell into it, and another employee passed over it just before the accident; that the plaintiff was pushing back the covering when he fell, and there was some testimony that he was intoxicated at the time.

. At the close of the testimony, the court, CLAYTON, P. J., charged the jury in part as follows :

John Clough, the plaintiff, has brought this suit against Sellers Hoffman, the defendant, to recover compensation for an alleged injury suffered by him, as he says, by and through the negligence of the defendant in permitting and not protecting or putting a sufficient covering on a well in his building into which the plaintiff fell while lawfully in the defendant's building, and as he avers without any fault or contributory negligence on his part. Now to successfully maintain such an action he must prove to your satisfaction, first, that he was lawfully in the alleged place of danger; second, that he had no sufficient

notice of its dangerous condition, and that he in no way con tributed to his injury by want of due care on his part or by any improper conduct or negligence which contributed to the injury. He must also prove to your satisfaction that the defendant had knowledge or ought to have known, which is the same thing, of the dangerous place in his premises, and that the plaintiff did not know of the danger and could not by ordinary care have avoided it. If he should prove to your satisfaction these three essential points in the case, then he would be entitled to compensatory damages, which the jury under the testimony, will be required to assess. . . . .

If in your judgment the plaintiff has convinced you that he was lawfully in the place of danger; that he used ordinary care according to all the circumstances and requirements of the case; that the place was really in a dangerous condition to persons not informed of its existence; that he did nothing contributory to his own injury that an ordinarily careful man ought not to have done under the same circumstances; that he was not warned or had no sufficient information of the danger, so that he could have avoided it with due and ordinary care; that the defendant knew or ought to have known of the dangerous condition of the floor at that place upon his premises, and that the plaintiff's injury was the result of the defendant not giving him sufficient information or not sufficiently protecting him, then you may give your verdict for the plaintiff for a sum that in your judgment will compensate him for his injury. . . . .

The plaintiff has requested the court to charge the jury:

1. An employer is bound to adopt, provide and maintain a reasonably safe and suitable place at which to carry on his business, so that workmen may perform their duties without exposure to dangers which are not reasonably incident to the employment; and if the jury find that the well was in such condition as to be dangerous, and that the plaintiff was injured by falling into it, he is entitled to recover.

Answer: That point is affirmed, provided you find that the plaintiff used due and ordinary care according to the information he had, and was guilty of no contributory fault or negligence. If you find that to be the case, you may find that the place was dangerous and there was negligence upon the part

of the defendant; yet, if you also find that the plaintiff was guilty of negligence, there can be no recovery. The law does not measure the difference in the negligence, nor does it say, or permit the jury to say, which was the most negligent. Any contributory negligence will avoid the right to recover. With that conclusion therefore, the point is affirmed.[2]

2. If the jury find that the defendant, Sellers Hoffman, permitted in the floor of an ill-lighted passage way in his mill, a well opening, through which water was taken by the hands, and that this opening was covered by a loose lid, the opening not being otherwise protected, it was negligence upon the part of the said Hoffman, and the plaintiff, Clough, is entitled to recover, if they find he fell into said opening and was injured without any negligence on his part.

Answer: That point is affirmed. If you find there was a dangerous entrance into a well in a passage way over which persons in the employment of Mr. Hoffman or lawfully in the building were accustomed to pass, and the plaintiff fell into it without any negligence upon his part, he is entitled to recover. I take this to be a special meaning of this point, and I so affirm it.[3]

The defendant has requested the court to charge the jury:

1. There being no evidence in this case that the lid of the well was left in an unsafe condition at the time of the accident, by the defendant, nor that it was left in an unsafe condition by any one for such a length of time before the accident that the defendant ought to have known its condition, the defendant is guilty of no negligence, and the verdict should be in his favor.

Answer: Now, gentlemen, to affirm this point would be to give you a binding instruction to find for the defendant. I decline to do that. I leave it for you to say whether the evidence is sufficient to sustain the assumed facts mentioned in this point. If you find that they are, it is affirmed, and the evidence is for you. I do not assume to say that there is no evidence upon the facts mentioned in this point. The facts are for you. I decline therefore to affirm it.[4]

The jury rendered a verdict in favor of the plaintiff for $1,000. A rule for a new trial was discharged with the following opinion, CLAYTON, P. J.:

Opinion of Court below.

The question in this case is not so much whether the verdict is excessive, as whether, under all the evidence, the defendant was not entitled to a binding instruction in his favor. If the plaintiff had the right to submit his case to the jury, it was for them to say what his damages were. While the court would not permit a vindicatory verdict to stand, we cannot say that the present one is of that character. It is certainly sufficiently high, but as the case has been twice tried, with no very great difference in the damages awarded, we do not feel justified in disturbing the verdict upon the reason of alleged excessive damages.

I have carefully examined the authorities submitted, and have reviewed the testimony, and am of opinion that the case was a proper one to be submitted to the jury. At the same time it must be admitted that the case is a very close one, and that the plaintiff did not more than make out a case for the jury. I would have hesitated more in sustaining the verdict, if the case had not already been before the Supreme Court on that identical question. If the Supreme Court had been of opinion that there was not evidence enough to submit the case to the jury, they would have reversed the judgment of this court on that ground, and would not have awarded a venire de novo.

The turning point against the defendant was, that the well, under the evidence, was dangerous per se to persons not informed of its existence. While it is true, that a workman takes all the risk of the dangerous character of the machine at which he operates, he does not take the risk of concealed danger in the place where he works. It is also admitted that the employer is not liable for the negligence of a fellow workman; but if the place was dangerous per se, it was negligence also in him to permit a new hand to fall into the danger without first warning him. Under the evidence, the defendant knew of the existence of the well, and knew it was dangerous; for he forbade the workmen to use it, and on one occasion nailed it down. He also knew that the pump that supplied drinking water to his men was out of order, and that they were, at the time of this accident, drawing their drinking water from this well. It was his duty to either shut up the well or give warning to his new hands of its dangerous character. All the cases cited by the defendant refer to places that were not dangerous per se.

The question was clearly submitted to the jury to find whether the place was dangerous, and then to find whether the defendant knew the dangerous character of the place; and thirdly, to find whether the plaintiff knew, or ought to have known, of the danger. I think there was sufficient evidence that the place was per se dangerous, and that the plaintiff had no sufficient warning. The evidence was also sufficient that the plaintiff suffered serious and permanent injury. If the case is a proper one for the jury, the damages will probably never be much less, while they might be very much more. The testimony is full, and the case was well tried. If the plaintiff wishes to have his liability reviewed in a higher court, the case could not be in better shape for that purpose. The rule for a new trial is therefore discharged.

—Thereupon the defendant took this appeal, assigning for error :

2, 3. The answers to plaintiff's points.[2] [3]

4. The answer to defendant's point.[4]

*Mr. John M. Broomall*, for the appellant:

1. An employer is not an insurer of the safety of his employees. If he furnish machinery and tools for their use, which are reasonably safe, he has done all that the law requires: Faber v. Manufacturing Co., 126 Pa. 387. The plaintiff submitted no testimony showing that this place in its normal condition was dangerous, and none showing that the trap-door had been left off by the defendant, or by any one else with his knowledge or consent; and, therefore, the case was void of a scintilla of evidence of negligence on the defendant's part, and should not have been submitted to the jury : Huey v. Gahlenbeck, 121 Pa. 238; Phila. etc. R. Co. v. Heil, 5 W. N. 91; Ballard v. Railroad Co., 126 Pa. 141; Howard Exp. Co. v. Wile, 64 Pa. 201.

2. The maintaining in the defendant's mill of this covered opening leading to the water in the lower story, was not negligence by reason of the fact that it could be made dangerous by the careless or intentional act of another: Harrison v. Collins, 86 Pa. 153. Evidently the lid was removed either by the plaintiff himself or by a co-employee; in either event, the defendant is not liable: Hoffman v. Clough, 124 Pa. 505. The

Opinion of the Court.

knowledge by the defendant that his workmen had on former occasions removed the lid and left it off, imposed upon him no duty to the plaintiff that was not performed. He was not bound to notify the plaintiff that he might be injured by the careless or intentional removal of the lid by a fellow workman. It is undisputed that the plaintiff was sent to examine the place before he went to work. He has himself to blame if he did not then discover this lid.

*Mr. V. Gilpin Robinson* (with him *Mr. Horace P. Green*), for the appellee :

The employer in this case was negligent in two particulars : first, in not taking measures to guard against a probable injury by properly guarding or securing this place, by providing other means for the supply of water to his men, and by discharging the men, who, in violation of his orders, persisted in leaving a dangerous well exposed in a passage way ; and, secondly, in not giving notice of the danger to one ignorant of its existence. Our position is supported by the following cases : Lehigh V. Coal Co. v. Jones, 86 Pa. 439 ; Keegan v. Railroad Co., 8 N. Y. 175 (59 Am. Dec. 476) ; Snow v. Railroad Co., 8 Allen 441 (85 Am. Dec. 726) ; Noyes v. Smith, 28 Vt. 59 (65 Am. Dec. 223) ; Buzzell v. Manuf. Co., 48 Me. 113 (77 Am. Dec. 213) ; Tissue v. Railroad Co., 112 Pa. 98 ; Johnson v. Bruner, 61 Pa. 58 ; Schall v. Cole, 107 Pa. 1.

Opinion, Mr. Justice Williams :

This case was here one year ago, and is reported in 124 Pa. 505. The questions to which our attention was then called are not now before us, but the plaintiff in error insists that there was no sufficient evidence of negligence to justify the submission of his responsibility, for the accident complained of, to the jury.

This question is raised by the first point of the defendant below, which asked the court to instruct the jury that, "There being no evidence in this case that the lid of the well was left in an unsafe condition at the time of the accident, by the defendant, nor that it was left in an unsafe condition by any one for such a length of time before the accident that the defendant ought to have known its condition, the defendant is guilty

of no negligence, and the verdict should be in his favor." To this the learned judge responded in these words: "Now, gentlemen, to affirm this point would be to give you a binding instruction to find for the defendant. I decline to do that. I leave it for you to say whether the evidence is sufficient to sustain the assumed facts mentioned in this point. If you find that they are, it is affirmed, and the evidence is for you." The assumed facts of which the prayer of the point was predicated were two in number: First, that there was no evidence showing that the lid of the well was left in an unsafe condition at the time of the accident, by the defendant; second, that there was no evidence showing it to have been in an unsafe condition long enough before the accident to bring notice of its condition home to the defendant. Was there any evidence on these points?

The opening in the floor was shown to have been made as a means of access to a well under the building. There had been a pump in it at one time. This had been removed, and a trapdoor or lid made to cover the opening, with cleats on the under side just fitting into the hole in the floor, to hold the lid in place. When the lid was in place it was as strong as any part of the floor, and would sustain the weight of persons stepping or standing on it, without danger. The directions of the defendant were to keep this opening closed by means of the lid which he had provided. Finding his employees careless in complying with his directions, he caused the lid to be nailed to the floor. It was afterwards forced off, and the opening again used as a means of access to the well, by lifting off the cover, drawing water for drinking, and then replacing the cover. From this glance at the testimony, it is clear that there was no evidence that the lid of the well was left in an unsafe condition by the defendant. He had provided a cover that was strong, that could not be moved except by prying or lifting it out of its place designedly, and he had given general and repeated directions that it should be kept in its place. He had even gone the length of having it nailed to the floor on one or two occasions, thus emphasizing his desire to guard against the possibility of accident. As to the first of the positions of the point, therefore, there was no evidence to submit to the jury.

Turning, now, to the second, we find no testimony showing that the cover was not in place on the morning of the accident, unless it can be gathered from that of the plaintiff himself. He says: "I just put my box of tools down, and stepped on the door, but I didn't know there was a door there at the time. I went down as far as this arm, and then I grabbed the spool with this hand." From this it would seem probable that some one had removed the lid to get water, and had gone away, leaving it lying loosely over the hole, instead of fitting it into its place. This may have taken place, so far as the evidence shows, just before the plaintiff came upon the scene, and without even a possibility that the defendant could have had his attention drawn to the subject. The second fact or position assumed in the point was therefore also correct, and the legal conclusion that followed should have been affirmed.

Negligence ought not to be imputed to an employer because he is able to pay damages, nor because the injury to his employee is one that excites our sympathy. It must be proved like any other cause of action, and unless there is more than a scintilla of proof, the question should not be submitted to a jury. Whether the unfortunate injury to the plaintiff is attributable to his own negligence, or to that of a co-employee, is a question of no practical moment, inasmuch as the defendant can be held liable only for his own failure in duty towards his employees. The learned judge of the court below seems to have been much of this opinion, but to have regarded the award of a venire facias de novo, when this case was here before, as indicating the judgment of this court that there was evidence to go to a jury on the question of the employer's negligence. But the questions then brought to our attention were, first, whether the danger of falling into the well was one of the risks incident to the plaintiff's employment; and, second, whether the defendant was liable for the injury, if it resulted from the negligence of a co-employee. These were therefore the only questions upon which an opinion was expressed at that time. Now, however, our attention is drawn to the state of the evidence by the point and answer we have considered, and, after examination, we are satisfied that there was no proof of any act of omission or of commission by the defendant in disregard of his duty as an employer. There was nothing for a jury to pass upon,

Statement of Facts.

and the point embodied in the fourth assignment of error should have been affirmed.

Judgment reversed.

On March 17, 1890, a motion for a re-argument was refused.