## Truby & Truby *v.* Nolan, Appellant.

*Negligence—Trials—Instructions—Charge of court.*

In an action of trespass to recover damages for personal injuries, it is error to instruct the jury that the plaintiff might recover if she was free from negligence, and the defendant was negligent, and his negligence contributed to the injuries.

Such instructions would permit a jury to find against the defendant, regardless of the degree of his negligence, and do not state the proper measure of defendant's negligence, requisite to permit a recovery.

A plaintiff cannot recover in trespass for negligence without proving that defendant's negligence was the proximate cause of the injury. If defendant's negligence merely contributes to the injury there can be no recovery.

In such action the case is for the jury, where the evidence on the part of plaintiff established that she was injured by falling through an open trapdoor in the store of the defendant, which had been left unguarded by certain workmen working on the premises.

The owner or occupant of premises who induces others to come upon it by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger.

Argued April 21, 1925. Appeal No. 105, April T., 1925, by defendant, from judgment of C. P. Lawrence County, June T., 1922, No. 36, in the case of Henry L.

Truby and Florence E. Truby v. Charles W. Nolan. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2375.00, and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment non obstante veredicto.

*J. Norman Martin,* of *Martin & Martin,* and with him *Charles R. Davis* and *Wylie McCaslin,* for appellant.

*E. F. G. Harper,* and with him *James A. Chambers,* for appellee.

OPINION BY GAWTHROP, J., July 9, 1925:

This is an action in trespass by a husband and wife for damages for personal injuries suffered by the latter, who alone has a judgment from which defendant appeals.   As one of the contentions here is that the court below erred because it did not declare, as matter of law, that no negligence was shown on the part of the defendant, we shall state the material facts.

Defendant was the proprietor of a store in the City of New Castle in which ladies' wearing apparel was sold.   The storeroom was 92½ feet deep by 45 feet wide.   About eleven o'clock in the morning Mrs. Truby was in the store as a customer and had walked to the rear thereof to inspect some skirts hanging on a rack. The store was well lighted.   While she was looking at the skirts she stepped backwards, in order that the

saleswoman could take a skirt from the rack, and fell through an open hatchway or trapdoor into the basement and sustained the injuries for which suit was brought. The trapdoor was about 3½ feet wide and 7 feet long. In front of it stood the cashier's desk and a wrapping counter. About three feet to the right of the trapdoor, as one faces the rear of the store, was the rack on which hung the skirts which plaintiff was examining. Defendant had just completed the remodeling of the inside of his store. The work was done by an independent contractor, whose painters, on the day of this accident, were doing some work on the outside of the store. While the painters did their work inside the store, defendant had given them permission to put their buckets and material in the basement. This made it necessary for them to use the trapdoor in the floor. The painters continued to use the basement for the storage of their buckets and material after they began to paint on the outside. One of them, Gorve, called as a witness by plaintiff, testified that about three or four minutes before the accident he and a fellow workman went into the store and opened the trapdoor to go down to get their buckets out of the basement; that they propped the door up with a stick and went down the steps; that he had not seen plaintiff, but within three minutes after the door was opened she fell through it into the cellar. Another witness called by plaintiff testified that she was in the store when plaintiff came in and that the trapdoor was open at that time. Plaintiff testified that prior to the accident she did not know there was a trapdoor in the floor; that she did not see that it was open, and that there was no guard of any kind around the opening.

The first assignment of error complains of a part of the court's instruction to the jury. After delivering the main portion and answering the points submitted, the learned judge said: "You will have to observe in the reading of one of the points of the defendant it

contains the words 'contributory negligence.' Contributory negligence is where a person who claims to have been injured through the negligence of somebody else, has done something themselves which has contributed to their own injury. Now, before the plaintiff is entitled to recover in this case plaintiff must prove to your satisfaction that the defendant was guilty of negligence and that his negligence, or the negligence of his agents, contributed to the injury. If you find that the defendant has been negligent you must find that the plaintiff herself was not negligent; that is, that she did not do something which contributed to her injury. In other words, she must be free from negligence on her part and you must find the defendant to have been guilty of negligence and that his negligence or that of his agents or servants contributed to the plaintiff's injury. You may now take the case." After the fullest consideration we have concluded that this assignment must be sustained. In that part of his charge which preceded the answering of the points the judge did not touch the question of contributory negligence. He properly affirmed a point presented by defendant to the effect that it was the duty of plaintiff to use ordinary care to avoid the opening and that failure to do so would amount to contributory negligence and bar her right to recover. This was the only reference by the court to contributory negligence until he delivered the part of the charge under consideration. It is too well settled to require the citation of precedents that plaintiff cannot recover in trespass for negligence without proving that defendant's negligence was the proximate cause of the injury. If defendant's negligence merely contributes to the injury there can be no recovery. The instruction here that plaintiff might recover if she was free from negligence, and the defendant was negligent, and his negligence contributed to the injury, permitted the jury to render a verdict against defendant no matter how slight his negligence

may have been. Such instruction does not state the proper measure of defendant's negligence which would justify the finding of a verdict against him.

The second assignment challenges the correctness of the affirmance of plaintiff's second point, which was as follows: "If the jury find from the evidence that the defendant, his agents or employees, permitted this hatchway to remain open and unguarded against injury to his customers, they would be justified in finding the defendant guilty of negligence." The instruction was correct.

The only other assignments which require consideration are the fourth and fifth, in support of which it is urged that there was not sufficient evidence of defendant's negligence to justify the submission of his responsibility for the accident to the jury. Defendant was required to use reasonable care to keep his premises in such condition as not to expose plaintiff to unnecessary danger: Robb v. Niles-Bement-Pond Co., 269 Pa. 298; Bloomer v. Snellenburg, 221 Pa. 25; Polenske v. Lit Bros., 18 Pa. Superior Ct. 474. The correct rule is stated thus in 29 Cyc. 453: "The owner or occupant of premises who induces others to come upon it by invitation, express or implied, owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suitable condition, so that they will not be unnecessarily or unreasonably exposed to danger." It was not negligence per se to have the trapdoor in the floor: Pawling v. Hoskins, 132 Pa. 617; Clough v. Hoffman, 132 Pa. 626. Nor was it negligence per se to open the trapdoor during business hours. The evidence warrants the inference of fact that defendant knew that the painters were storing their buckets and material in the cellar and were using the trapdoor. If it was opened while customers were present whether by the painters or by defendant or his employees, it became the duty of defendant to guard it and to use reasonable care to prevent persons from

falling into it. Failure to do so was negligence. For the negligence of those to whom defendant entrusted the conduct of the store during his absence he is responsible. The duty imposed by law on defendant is an absolute duty which he cannot shift. It was not necessary for plaintiff to prove that defendant's employees had actual knowledge that the trapdoor was open. Constructive notice was sufficient. The court below submitted to the jury the question whether the trapdoor was open long enough for defendant's agents, by the exercise of reasonable caution and care, to have observed its condition, and instructed them that if they answered that question in the affirmative they would be justified in finding defendant negligent. This instruction was correct. We are of opinion that the evidence warrants the inference that defendant's employees should have discovered the open trapdoor; that they would have discovered it if they had exercised reasonable care and prudence, and that their failure to discover it and guard the opening was the proximate cause of the accident.

The first assignment of error is sustained, all of the others are overruled, the judgment is reversed and a new trial awarded.