# SELLERS HOFFMAN v. JOHN CLOUGH.

ERROR TO THE COURT OF COMMON PLEAS OF DELAWARE COUNTY.

Argued February 11, 1889—Decided March 11, 1889.

1. An employee assumes the risks of injury which are incident to his employment; but, when one in charge of a carding machine in a cotton mill is injured by falling into an opening in the floor in a dark passageway near his machine, of which opening he had no knowledge, the danger in such case being incident to the place of the employment and not to the employment itself, it is not within the rule.

2. Where a point is presented by the defendant fairly raising upon facts in evidence the question of the liability of an employer for an injury, resulting not from his negligence but from that of another employee, he is entitled to a clear, definite and responsive instruction that if the facts assumed are found by the jury, there is no negligence to be imputed to the defendant and no responsibility for the injury.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 187 July Term 1887, Sup. Ct.; court below, No. . . . . Term 1886, C. P.

On February 15, 1886, John Clough brought an action in case against Sellers Hoffman to recover damages for personal injuries suffered through the alleged negligence of the defendant. Issue.

At the trial of the cause on March 7, 1887, the case presented by the testimony on the part of the plaintiff was in substance as follows, to wit:

John Clough, the plaintiff, was a carder by trade, about 62 years of age, and in November, 1885, applied to Sellers Hoffman, the owner of a cotton mill at Kellyville, for employment, and made an engagement with him. About 150 hands were employed at the mill. The carding machine at which the plaintiff was to work was placed upon a passageway about three feet and a half wide. About the middle of the passageway was a square opening in the floor, about two feet in diameter, over a water well of considerable depth. The workman at the machine would pass over the opening when dressing his machine. There was a loose batten covering for the opening, made with cleats, so that when in position it would have to be lifted for removal. The hands were accustomed to obtain water from the well by a bucket let down into it, and the cover was frequently left removed from the opening. The passageway, at the place where the opening was, was usually dark. On November 17, 1885, when the plaintiff went to work, on the first day of his employment, he placed his tools to one side and stepped to his machine to adjust it, when he fell into the opening to his armpits, receiving severe injuries. He did not know, as he testified, of the existence of the well or opening.

On the part of the defendant, testimony was introduced to the effect that the defendant had previously given orders that the opening should be kept closed and had directed that the cover be nailed down; that the plaintiff had passed over the opening several times before he fell into it; that another of the employees of the mill had passed over it just before the

accident; that the plaintiff was somewhat intoxicated at the time, and had been drinking for several days; that he had previously worked at the mill, knew of the well and had used water from it.

After the rebuttal case of the plaintiff, the court, CLAYTON, P. J., having instructed the jury as to law of negligence on the part of the defendant, and contributory negligence on the part of the plaintiff, submitted the questions of fact to the jury and answered the points presented as follows, to wit:

The plaintiff requests the court to charge:

1. An employer is bound to adopt, provide and maintain a reasonably safe and suitable place at which to carry on his business, so that workmen may perform their duties and without exposure to dangers which are not reasonably incident to the employment; and if the jury find that the well was in such condition as to be dangerous, and that the plaintiff was injured by falling into it, he is entitled to recover.

Answer: I affirm that point, gentlemen, provided you find that there is no contributory negligence upon the part of the plaintiff. If the plaintiff was also negligent he cannot recover. The law does not allow you, gentlemen, to measure the difference of negligence, or to say how much more negligent one side was than the other; the jury is not permitted to do that. If you find that there was any contributory negligence upon the part of the plaintiff, the law absolutely shuts out his claim and he cannot recover. But if there was no negligence upon his part, which contributed to this accident, then this point is undoubtedly law.

2. If the jury find that the defendant, Sellers Hoffman, permitted, in the floor of an ill-lighted passage in his mill, a well opening, through which water was taken by the hands, and that this opening was covered by a loose lid, the opening not being otherwise protected, it was negligence upon the part of the said Hoffman, and the plaintiff Clough is entitled to recover, if they find he fell into said opening and was injured without any negligence on his part.

Answer: I decline to so charge you. The question of negligence is for the jury and not for the court. It is for you to say, under all the circumstances of the case, whether leaving a well in that condition was or was not negligence.

Charge of Court below.

3. If in view of all the evidence, the jury find for the plaintiff they should allow in estimating damages, not only for the direct expenses incurred by the plaintiff by reason of the injury, but also for the privation and inconvenience he is subjected to, and for the pain and suffering he has already endured, bodily and mentally, and which he is likely to sustain during the remainder of his life, from his disabled condition.

Answer: That is affirmed.

The defendant requests the court to charge:

1. If the jury believe that the plaintiff knew of the well and the condition of the cover at the time he engaged to work at the place, he was bound to take more than ordinary care, and if he did not, he was guilty of negligence and cannot recover.

Answer: That is affirmed. As I stated, there must be no negligence upon the part of the plaintiff.

2. If the jury believe that the plaintiff was under the influence of liquor, or had been so much so, the day before the accident, as to render him incapable of taking care of himself, or of performing his work in the position in which the machine was, next to the well, he was guilty of negligence and cannot recover.

Answer: Well, that is affirmed, provided you find that the accident would not have happened had the plaintiff been sober. If you find the accident would not have happened if he had been sober, he cannot recover, for that would be the result of his own drunkenness; if it was, he must bear the loss himself. Employers do not expect drunken men to work around machinery or around wells.

3. If the jury believe that the plaintiff, knowing of the well and its alleged dangerous condition, consented and agreed to work at the machine next to it, he took all the risks incident to such work and cannot recover.

Answer: Well, gentlemen, if you find that he had been fully informed of the danger and then undertook to do the work, this point is affirmed.[1]

4. If the jury believe that the well and its covering were reasonably safe for workmen using ordinary care, there was no negligence on the part of the defendant, and the verdict should be for the defendant.

Answer: That point is affirmed. That is the law. Reason-

able safety is all the law requires; absolute safety cannot be required of any person carrying on business.

5. In no case can there be a recovery for more than compensation for loss of wages, such as the evidence shows the plaintiff could earn during the time he was necessarily rendered incapable of pursuing his usual occupation.

Answer: Well, gentlemen, this is in the past tense, and I cannot affirm it as it is written. It applies to the future as well as to the past; if he is entitled to recover at all, he is entitled to have fair compensation for the loss of his earning power not only up to the present time, but whatever you may see proper for the future.

6. If the jury believe that the plaintiff in any way contributed to the accident, the verdict should be for the defendant.

Answer: I have already stated to you that; that is the law; I affirm that point.

7. If the jury believe that some co-employee of the plaintiff, without the knowledge of the defendant, had left the covering off the well and in a dangerous condition, and the plaintiff fell in, the defendant has not been guilty of negligence, and therefore the plaintiff cannot recover.

Answer: I decline to affirm that point, because I can easily conceive that while a co-employee may contribute to the injury, yet if there is negligence in the plaintiff he would be responsible, not the defendant.[2] *

The jury returned a verdict in favor of the plaintiff for $1,000. A rule for a new trial having been discharged, judgment was entered upon the verdict, when the defendant took this writ, assigning as error:

1, 2. The answers to the defendant's points.[1] [2]

*Mr. John M. Broomall*, for the plaintiff in error.

*Mr. V. Gilpin Robinson*, (with him *Mr. Horace P. Green*), for the defendant in error.

OPINION, MR. JUSTICE WILLIAMS:

The plaintiff was injured by falling into a hole in the floor

---

*So printed in the paper books.

of the factory in which he worked. He had charge of a card-
ing machine and the opening in the floor was within a short
distance of the machine. One of the points submitted on be-
half of the defendant below asked the court to instruct the
jury that an employee assumes the risks incident to his employ-
ment. The court affirmed the point, adding, by way of quali-
fication, that the plaintiff could not be held to have assumed
the risk of injury from this opening in the floor, unless he
knew of its existence. If any complaint is made about the
inadequacy of this answer, it ought not to come from the de-
fendant below. The risk of falling into an uncovered opening
in the floor having no possible connection with the business
carried on at the factory, can hardly be said to belong to the
class of risks to which the rule of the point relates. The dan-
gers incident to the business of operating a carding machine,
reasonably suitable for the work to be done, were assumed when
the employee entered upon his work; but dangers from an
opening in the floor, from an insufficient staircase, or other
defect in the building, were incident to the place where the
business was conducted, and the defendant could not ask any
more favorable instructions in regard to the application of the
rule invoked than the answer complained of.

The second assignment of error rests on more solid ground.
The defendant's seventh point asked the court to instruct the
jury "that if they believe that some co-employee of the
plaintiff, without the knowledge of the defendant, had left the
covering off the well and in a dangerous condition, and the
plaintiff fell in, the defendant has not been guilty of negligence
and therefore the plaintiff cannot recover." This point assumes
the following facts: That the hole in the floor had been covered
by the defendant or under his directions; that the cover had
been removed without the agency or knowledge of the defend-
ant by a co-employee of the plaintiff; and that in consequence
of such act of the co-employee the plaintiff had fallen into the
hole in the floor and received the injury complained of.

The court was asked to declare the law upon these facts and
to say that if they were found by the jury, there was no negli-
gence to be imputed to the defendant, and no responsibility
for the injury. The question of the liability of an employer
for an injury to his employee which resulted, not from his own

negligence, but from that of another employee, was fairly presented and the defendant had a right to a clear and definite instruction. The court made answer as follows: "I decline to affirm that point, because I can easily conceive, that while an employee may contribute to the injury, yet if there is negligence in the defendant he would be responsible."

There are two objections to this answer. In the first place when taken as a whole it is not responsive to the point. Instead of declaring the law applicable to the facts assumed, it dealt with other facts which the learned judge regarded as conceivable, but which were not brought to his attention, and which were inconsistent with those embodied in the point. In the next place, if regard be had to that part of the answer which is responsive, it is clearly wrong. The general doctrine that an employee cannot look to his employer for an injury resulting from the negligence of a co-employee, is well settled. It will be sufficient to cite a few recent cases in which it has been recognized and applied: Frazier v. Penn. R. Co., 38 Pa. 104; Caldwell v. Brown, 53 Pa. 453; Keystone Bridge Co. v. Newberry, 96 Pa. 246; Lehigh Valley Coal Co. v. Jones, 86 Pa. 432. The reasons on which this rule rests are stated with sufficient clearness in the cases just cited and there is no necessity for repeating them.

> Judgment reversed, and venire facias de novo awarded.