# Valenti Wojciechowski *v.* Spreckels' Sugar Refining Company, Appellant.

[Marked to be reported.]

*Negligence—Master and servant—Evidence—Presumption.*

In an action by a servant against a master to recover damages for personal injuries, mere proof of the fact of the accident is not sufficient to warrant a recovery, but some specific negligence on the part of the master must be shown.

In an action by an employee of a sugar refining company against his employer to recover damages for personal injuries, it appeared that it was plaintiff's duty to empty bags of sugar upon a grating in a floor so that the sugar might be precipitated upon a screw conveyor which pushed it forward into a pan. The receptacle into which the sugar was dumped was a long box, the sides of which were composed of planks fifteen inches high, and at the bottom was a grating of iron bars two and a half inches apart, about half an inch thick, and about two and a half feet in length. The sugar was brought to the workman engaged in dumping, on trucks in bags, and two men lifted the bags and turned out the sugar into the

dump. Plaintiff testified that he put one foot on the grate bars and the other foot on the outside, and while standing in that position with his foot crosswise the bars, the bars sank down, and let his foot through, and it was caught in the machinery below. No proof was offered to show that the bars were bent out of their position either before or after the accident, or that they were broken. No proof was made that the bars were not strong enough to hold the plaintiff's weight, or that there was any defect in the material of which they were made. *Held*, that the evidence was insufficient to sustain a judgment on a verdict for plaintiff.

*Negligence—Release of damages.*

In an action by an employee against his employer the defendant offered a release of damages for a valuable consideration properly and formally executed and attested. The evidence showed that the release was both read and explained to the plaintiff in his own language, and that the plaintiff kept the money and never returned or offered to return it. It also appeared that at the time the release was executed the plaintiff demanded a promise of future work but was refused. *Held*, that the evidence was insufficient to set aside the release.

Argued Jan. 14, 1896. Appeal, No. 485, Jan. T., 1895, by defendant, from judgment of C. P. No. 1, Phila. Co., June Term, 1894, No. 313, on verdict for plaintiff. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN, and FELL, JJ. Reversed.

Trespass for personal injuries. Before BRÉGY, J.

At the trial it appeared that on September 12, 1892, plaintiff was injured while working in the defendant's sugar refinery. The circumstances of the accident are stated in the opinion of the Supreme Court.

Some time after the accident negotiations for a settlement commenced between the plaintiff and the agent of an insurance company which had insured the refining company, in consequence of which the agent of the insurance company, the plaintiff, and two interpreters went to the office of the insurance company's attorney, Gavin W. Hart, Esq. The plaintiff could not speak English. One of the interpreters was a friend of plaintiff, the other was a police officer who spoke Polish, and who was paid by plaintiff to act as interpreter. Through the interpreters the plaintiff told Mr. Hart that he desired to settle the case for $300. Mr. Hart thereupon drew the following release, using a printed form:

Know all men by these presents, That I, Valenti Wojcie-chowski, hereinafter called the releasor, for and in consideration of the sum of $300 to me in hand paid by the Spreckels Sugar Refining Company hereinafter called releasee, at and before the sealing of these presents, the receipt whereof is hereby acknowledge, do hereby remise, release, quit claim, and forever discharge the said releasee, their successors and assigns, of and from all actions, causes of action, suits, claims and demands whatsoever, for, upon or by reason of any damages, loss or injury which heretofore have been, or which hereafter may be, sustained by the said releasee in consequence of the loss of my leg at the refinery of said releasee on the twelfth day of September, 1892, or thereabouts, while employed by them.

It being expressly understood that the payment of the said sum of $300 is not to be construed as an admission on the part of the said releasee that any liability whatever has attached to them in consequence of the said accident.

In witness whereof, I have hereto set my hand and seal, this tenth day of December, 1892.

VALENTI WOJCIECHOWSKI.   [SEAL]

Signed, sealed and delivered in the presence of:
  CHAS. W. BACHMANN,
December 10th, 1892, at Philadelphia.
  HARRY CASPAR,
  GAVIN W. HART.

After this paper was drawn some conversation took place between the interpreters and the plaintiff, and the plaintiff then, through the interpreters, demanded that he should be promised a situation. Mr. Hart said that defendant would not promise any future employment; that it would settle for the money and nothing else. Another conversation then took place between the plaintiff and the interpreters, and the plaintiff, through the interpreters, then intimated that he would decline to settle without a promise of employment. Mr. Hart then said:

"Very well, then, I will not settle on the basis of anything except the cash. I will not promise future employment, because it always produces difficulty."

Another conversation then took place between the plaintiff and the interpreters, and finally plaintiff said, through the in-

terpreters, that he would accept the settlement. Mr. Hart told the interpreters to read plaintiff the release, which was apparently done in Polish by both interpreters. He then told them to explain the release to him, which they apparently did. The release was then executed. Mr. Hart wrote the following paper:

I, Henry Caspar, hereby certify that upon the signing of the release of Valenti Wojciechowski to the Spreckels Sugar Refining Company, I read the same to him in the Polish language at the office of Gavin W. Hart, No. 207 South Sixth Street, in the city of Philadelphia. A question having arisen as to a promise to give him work at the refinery, I instructed him that the company would not make any promise, but that he signed the same as an entire and full consideration and release.

I am a police officer of the city of Philadelphia, my number being 163.

In witness whereof, I have hereunto set my hand this tenth day of December, 1892.

HENRY CASPAR.

I also certify to the above.

MICHAEL RACZYSCHOWSKI.

The above was drawn by me and read to Caspar and the others present December 10th, 1892.

GAVIN W. HART.

This paper Mr. Hart caused the interpreters to read before signing, and also directed them to translate it to the plaintiff, which they apparently did. The insurance agent, the plaintiff and the two interpreters then left the office of the attorney and went to the office of the Spreckels' Sugar Refining Company. There, through the interpreters, the plaintiff again demanded a promise of future employment.

The testimony of plaintiff was that he was induced to execute and deliver the release by a representation that it contained a promise that the defendant would give the plaintiff light employment or a life pension. The testimony of the defendant was that the secretary of the company, through the interpreters, refused to give it. After some hesitation the plaintiff delivered the release and accepted the money.

Defendant's points and answers were, among others, as follows:

1. In this case there is no evidence of any defect in the machinery or apparatus, and the danger was one which was apparent and needed no special experience or instruction to understand. It is a case, therefore, of an injury to an employee by an apparent danger incident to his employment, and your verdict must be for defendant. *Answer :* Refused. [1]

2. Subsequent to the accident the plaintiff for a recited consideration of $300, which was paid to him, executed and delivered a release under seal releasing defendant from liability. There is no sufficient evidence of fraud in this case to invalidate the release, and your verdict must therefore be for defendant. *Answer :* Refused. [2]

Verdict and judgment for plaintiff for $5,250. Defendant appealed.

*Errors assigned* were, among others, (1, 2) above instructions quoting them; (8) in not directing the jury to find a verdict for defendant.

*John G. Johnson,* with him *Frank P. Prichard,* for appellant.—There being no evidence of any defective construction or inspection of the apparatus, it was error to instruct the jury that if the accident happened as plaintiff said it happened, by reason of the bars giving way under him, the defendant was liable: Shaffer v. Haish, 110 Pa. 575 ; Phila. & Reading R. R. v. Hughes, 119 Pa. 301 ; Allison Mfg. Co. v. McCormick, 118 Pa. 519 ; Mensch v. Penna. R. R., 150 Pa. 598 ; Augerstein v. Jones, 139 Pa. 183 ; Bradbury v. Kingston Coal Co., 157 Pa. 231.

Under the evidence in this case the court below should have charged the jury that the release and plaintiff's subsequent conduct were a bar to his claim: Meka v. Brown, 84 Iowa, 711 ; Gibson v. R. R., 164 Pa. 142 ; Vandervelden v. Chicago, etc. Ry., 61 Fed. Rep. 54 ; Barker v. Northern Pac. Ry., 65 Fed. Rep. 461 ; Phillips v. Meily, 106 Pa. 536.

*Abram S. Ashbridge, Jr.,* for appellee.—It is the duty of those employing workmen to give them a reasonably safe place to

work in and a failure to give such safe place is negligence. There was evidence of negligence on the part of the defendant to warrant the submission of this case to the jury: Rummel v. Dilworth, 131 Pa. 509; Ross v. Walker, 139 Pa. 49; Kehler v. Schwenk, 151 Pa. 519; Lebbering v. Struthers, 157 Pa. 323.

Shaffer v. Haish, 110 Pa. 575, does not apply because there the machine was a dangerous one, there being no evidence of any defective construction, and the plaintiff had knowledge thereof. So also P. & R. R. Co. v. Hughes, 119 Pa. 301, is the case of a pin giving away from a latent defect. Allison Mfg. Co. v. McCormick, 118 Pa. 519, was a case where the place was not dangerous and the materials, such as were in common use, and the accident was " outside of the range of ordinary prudence."

Mensch v. R. R., 150 Pa. 598, was the case of an employee hurt by a car in bad condition, but which had been repaired a week before and had not been seen by any one in the meanwhile. There was no evidence of faulty construction.

Augerstein v. Jones, 139 Pa. 183, decides that reasonably safe appliances must be given, which is just what the plaintiff contends.

Bradbury v. Coal Co., 157 Pa. 231, was the case of an accident caused by latent defect.

The evidence in the case at bar was of such character as to warrant the jury in finding the plaintiff free from contributory negligence.

There was sufficient evidence adduced at the trial to warrant a jury in setting aside the release given to the casualty Company: Hoge v. Hoge, 1 Watts, 163; Ettinger v. Jones, 139 Pa. 218.

Pa. R. R. Co. v. Shay, 82 Pa. 198, was the case of a man signing a paper without reading it or having it read to him, and he was held to be debarred because of negligence.

Meka v. Brown, 84 Iowa, 711, was the case where the false representations were made by one in no way connected with the defendant. In the case at bar false representations were made by Bachman, the agent of the insurance company, and the false interpretation was made by Caspar, Bachman's interpreter, so that it does not apply.

In Gibson v. R. R., 164 Pa. 142, plaintiff claimed that the

release was obtained while he was non compos, but it was shown that after he had become compos he used the money received and stated that the money was received in settlement of his claim.

OPINION BY MR. JUSTICE GREEN, October 6, 1896:

In this case the plaintiff was an employee of the defendant. It was his duty at the time of the accident to empty bags of sugar upon a grating in the floor so that the sugar might be precipitated upon a screw conveyor which pushed it forward into a pan. The receptacle into which the sugar was dumped was a long box, the sides of which were composed of planks fifteen inches high, and at the bottom was a grating of iron bars two and a half inches apart, about half an inch thick, and about two and a half feet in length. The sugar was brought to the workman engaged in dumping, on trucks in bags, and two men lifted the bag, and turned out the sugar into the dump.

. The plaintiff was the only witness examined on his behalf to prove the facts of the accident. He said he put one foot on the grate bars and the other foot on the outside and while standing in that position, with his foot crosswise the bars, the bars sank down and let his foot through and it was caught in the machinery below and badly crushed, so that amputation had to be performed.

Another man, Joseph Novick, was working with him at the time. He was not called by the plaintiff, but by the defendant, and he testified that the plaintiff put his foot on the grate "and then the crush came."

The plaintiff being a workman was bound to prove, not only the fact of the accident, but also some specific negligence of the defendant which caused it. No proof of that kind was offered. No evidence was given to show, either that the bars were bent out of their position, either before or after the accident, or that they were broken. No proof was made that the bars were not strong enough to hold the plaintiff's weight, or that there was any defect in the material of which they were made.

The plaintiff testified that he had emptied twelve or fifteen bags before he was hurt and that in doing so he had stood in the same way as at the time of the accident, with one foot on

the bars and the other outside the upright plank on the floor. He was asked on cross-examination, " Q. Didn't you see the grates before the accident at all? A. Yes, I did see them. Q. Then they were not covered with sugar so that you could not see them? A. Sugar is always there but when they put the sugar there the sugar goes down. Q. Did you see the grates on that very day before your foot went in it? A. Yes, sir."

The plaintiff's personal testimony therefore shows that he knew the grates were there, that the sugar ran down through them, and that there was machinery below them to remove the sugar as fast as it came down. Without looking into the adverse testimony at all it is manifest from the plaintiff's own statement that he knew the structure upon which he set his foot, he knew there was machinery below it, he placed his foot there voluntarily and therefore took the risk, whatever it was, that was involved in that position. He did not testify that there was any defect in the bars, or that he had ever given notice of any to his employer, or to any agent of theirs, nor did he produce any testimony, other than his own, upon these subjects. He proved nothing but the fact of the accident, which, as we have repeatedly decided, is not sufficient to warrant a recovery by an employee against an employer.

In Phila. & Read. R. R. Co. v. Hughes, 119 Pa. 301, in a similar case of an action by an employee against his employer, our Brother CLARK, delivering the opinion said, " The plaintiff undertook to trace the injury to the negligence of the company, and until he can show some negligent act which was the proximate cause of his injury he cannot recover. We know that when Hughes stepped on the brake with his whole weight, it went down and he went with it. But whether the pin broke from any defect which a proper inspection would have disclosed, does not appear ; that it broke at all is not shown ; nor is there any evidence that the occurrence was owing to a dislocation of the key. It devolved upon the plaintiff to show negligence of the company, and that the negligence was the proximate cause of the injury. In this he has failed, and in the absence of proof on that point we cannot ascribe the accident to that cause. The judgment is reversed."

On the same subject and to the same effect are the cases of Allison Mfg. Co. v. McCormick, 118 Pa. 519 ; Mensch v. Pa.

R. R. Co., 150 Pa. 598 ; Augerstein v. Jones, 139 Pa. 183, and Bradbury v. Kingston Coal Co., 157 Pa. 231. The rule in this class of cases is so very familiar, and so entirely unquestioned, that any elaboration of the decisions is quite unnecessary.

The plaintiff was allowed to recover upon mere proof of the fact of the accident without any proof of any specific negligence of the defendant, and this is not enough under all the decisions.

Nor is the case any better on the question of the release. That there was a formal release of all damages upon the payment of $300, that it was properly and formally executed and attested, that it was both read and explained to the plaintiff in his own language, and that the plaintiff kept the money and never returned or offered to return it, are facts incontestably established by the most satisfactory testimony. We have carefully read and considered all the testimony which was offered and received for the purpose of making out an allegation of fraud in the transaction, and have no hesitation in saying that it is entirely inefficient for that purpose. No chancellor could possibly decree the reformation of such an instrument upon such insufficient, flimsy and utterly unreliable testimony. After all the precautions that were taken by the counsel who drew the release and supervised its execution, including a formal cer tificate by both the interpreters that the subject of subsequent employment having arisen, the defendant's counsel distinctly refused to agree to any promise of that kind, it cannot be tolerated that so solemn an instrument, so formally executed upon full consideration should be abrogated and set aside by the kind and character of testimony offered for that purpose. No man's deed for the house he lives in would be safe if it could be destroyed by such testimony as this. The authorities are most abundant to this effect and it is not necessary to cite them. In the case of Gibson v. Railroad Co., 164 Pa. 142, we heard and disposed of, and rejected, a defense to a release of a similar character with this, and a bare reference to the case is enough for the purposes of the present contention.

As we do not think the plaintiff is entitled to recover on the merits of his case the enlargement of the discussion on this branch of it is not essential. We sustain the first, second and eighth assignments of error. The others are not important.

Judgment reversed.