## O'Brien *v.* Sullivan.

*Negligence—Master and servant—Defect in building.*

The dangers incident to a business itself are assumed by the employees when they enter upon their work; but danger from an opening in the floor or other defects in the building are incident to the place where the business is conducted, and should be guarded against by the employer.

In factories or other institutions in which numbers of working people of all ages and capacities of intelligence are assembled, the duty obviously rests on the employer of seeing that the structure where the operators are assembled and the machinery prepared for their use are fit for the work.

In an action by a girl employed in a factory against her employer to recover damages for personal injuries, the case is for the jury where the evidence shows that the defendants permitted the girls in the room where plaintiff worked to hang their coffee bottles on a steam pipe in the corner of the

room; that plaintiff while hanging a bottle on a pipe, broke through the floor, and was injured; that when defendants leased the premises there was an opening in the floor at the place where plaintiff was injured about two feet square which at their request was closed; that this opening was closed by placing over it boards without any support or joists; that more than a year before the accident another employee had broken through the boards; that the opening had then been again closed by a board which looked like a packing box lid; and that plaintiff had no knowledge of the prior accident.

Argued Jan. 12, 1900.   Appeal, No. 250, Jan. T., 1899, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1897, No. 814, refusing to take off nonsuit in case of Ellen O'Brien v. Joseph Sullivan and R. E. Krenshaw, trading as the Arconia Manufacturing Company. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.   Reversed.

Trespass for personal injuries.   Before BEITLER, J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*James Gay Gordon*, with him *George F. Munce* and *Harry A. Mackey*, for appellant.—The defendants failed in their duty of inspection: Wharton on Negligence (2d ed.), sec. 212; Muldowney v. Illinois Cent. Ry. Co., 36 Iowa, 462; Eastman v. Curtis, 32 Atl. Repr. 232; Taylor, etc., Co. v. Taylor, 14 S. W. Repr. 918; Everson v. Rollinson, 8 Atl. Repr. 194; Baker v. Allegheny, etc., R. R. Co., 95 Pa. 211; Bier v. Standard Mfg. Co., 130 Pa. 446; Wharton on Negligence, sec. 211; Coombs v. New Bedford Cordage Co., 102 Mass. 572.

The danger of breaking through a place of this kind in the floor of a mill where girls are employed in the various duties of the manufacture of cloth, is not a danger incident to such employment: Hoffman v. Clough, 23 W. N. C. 399; Folk v. Schaeffer, 186 Pa. 253.

*Frank P. Prichard*, with him *James Wilson Bayard*, for appellee.—The general rule is that the burden of proof is on plaintiff to establish negligence, and it is not sufficient to show that an accident happened, especially where that accident happens

through the breaking of materials : Wojciechowski v. Spreck-els's, etc., Co., 177 Pa. 57 ; Zahniser v. Penna. Torpedo Co., 190 Pa. 350 ; Folk v. Schaeffer, 186 Pa. 253 ; Shaffer v. Haish, 110 Pa. 575.

OPINION BY MR. JUSTICE BROWN, April 23, 1900 :

The single question raised on this appeal is, whether, upon the evidence submitted by the appellant on the trial of her cause in the court below, the learned trial judge properly held that she had failed to prove negligence on the part of the defendants. They were manufacturers of textile goods, occupying two large rooms in the mill at the northeast corner of Fifth street and Columbia avenue, in the city of Philadelphia. The appellant was employed by them as a bobbin winder, and was in their service about a year before she was injured. During this time, in a corner of the room occupied by them, a steam pipe ran up along the wall, and upon it the employees were in the habit of hanging their coffee bottles when they came to work in the morning, that the coffee might be warm at the noonday rest. These bottles were so hung upon the steam pipe with the knowledge of the employers, who made no objection to such use of it by their operatives. On the morning of September 16, 1897, the appellant went to this pipe to hang up her bottle, when the floor gave way and she sustained the serious injuries described in the testimony. If this were all that was submitted by the plaintiff, she could not recover ; for, sad as her case may be, the evidence would fail to show any legal liability on the part of her employers. In an action by a servant against a master to recover damages for personal injuries, mere proof of the fact of the accident is not sufficient to warrant a recovery, but some specific negligence on the part of the master must be shown : Wojciechowski v. Spreckels, etc., Co., 177 Pa. 57. But more than the accident was proven. It was shown that, when the appellees became the tenants of the premises, there was, at the place where the accident occurred, an opening in the floor about two feet square, used as a chute by the prior occupiers, who occupied the third floor in connection with the fourth. Through this opening goods were passed by them from one floor to the other. In making this opening, the joists in the floor had been cut away. When the

appellees became the tenants of this fourth floor and took possession of it, the opening was useless to them, and, at the request of their agent or representative, was closed. In closing it, the joists that had been cut away were not restored. The opening was closed by simply placing over it boards, without any supporting joists, resting at one end, in the wall, and, at the other, on the floor. After it had been so closed, and more than a year before the appellant was injured, a board over this opening gave way as Mary Kern, an employee of the appellees, walked upon it. Her testimony is, that, when she stepped on the covering over the opening, one of the boards burst and her foot went through. There is no evidence that the appellant ever knew anything of this first accident, and it is equally clear that there was nothing in the appearance of the floor at the time she was injured to indicate any danger. She testified that, at the place where she was hurt, it was all "dirty and oily," and that there was nothing different at that point from the rest of the floor. But the defendants knew there was a difference. After Mary Kern broke through, the break was repaired; and, though warned by what had happened to her, the joists were not restored by the appellees, but a board, looking like a packing box lid, without any support, was set in the place of the one that had given way. This was not even ordinary repairing. The failure to insert any support for the boards over this hole might fairly be regarded by the jury as evidence of negligence on the part of the appellees; but the boards themselves were not even ordinary flooring boards, and it can, therefore, hardly be pretended that ordinary care had been exercised by the employers in closing up this hole, after the board had broken under the weight of their employee. The plaintiff testified that, after she fell through, she looked at the boards, and they looked like the lid of a box. Catharine Terry, a witness called by her, stated that, after the plaintiff had fallen through, a board, which looked like a "thin packing box lid," was put in the place of the one that had broken and was similar to it. It is true that, for more than a year after Mary Kern had broken through this hole, many employees had passed over it in safety, but the appellees constantly ran the risk that one day or other some girl or woman employed by them, ignorant of the insecure closing, in taking her coffee bottle to the

steam pipe, or going for it, might incur the injuries sustained by the appellant.

It is needless to further consider the sufficiency of the evidence to sustain the appellant's claim that her injuries were the result of the negligence of the appellees. It can be summarized in the statement that, in the first instance, the hole had been insecurely closed, and ample warning had been given to the defendants of the dangerous condition of the floor at this point by the first breaking through, when, if not before, they were bound to securely close it. With the many operatives employed by them going daily, and properly, to this steam pipe, it was the duty of the appellees to protect them from the danger encountered by the appellant. The dangers incident to the business itself were assumed by the employees when they entered upon their work; but dangers from an opening in the floor, from an insufficient staircase, or other defect in the building, were incident to the place where the business was conducted and should have been guarded against by the defendants: Hoffman v. Clough, 124 Pa. 505.

"In factories or other institutions in which numbers of working men of all ages and capacities of intelligence are assembled, the duty obviously rests on the employer of seeing that the structure where the operators are assembled and the machinery prepared for their use are fit for the work. What is insisted on is, that the master, so far as due care and diligence will go, should make the structure and machinery as safe as is consistent with the work they are meant to perform. Many operators are women and children. Very few are specialists in the construction of buildings and machinery. The burden of this duty rests on the employer who offers the structure for use and who reaps the profits of success:" Wharton on Negligence (2d ed.), par. 211.

"A servant has the right to presume, and to act upon the presumption, that his master or his vice principal has performed, and will continue to perform every duty incumbent upon him, that the place of work is safe and the materials and appliances reasonably adequate, that dangerous things are properly secured, that proper repairs, supports or supplies, of the need of which the master has notice, will be properly provided:" Shearman & Redfield on Negligence (5th ed.), par. 185b.

The case, as presented by the plaintiff, was clearly for the

consideration of the jury, and we are compelled to reverse the judgment, that, upon a trial to be proceeded with, it can be determined, under all the facts, after hearing the defendants, whether there ought to be a recovery.

Judgment reversed and procedendo awarded.