Cougle, Appellant, v. McKee et al.

*Negligence—Questions of fact—Conflict of evidence.*

When upon all the evidence no question of fact is left in doubt the trial judge should direct the verdict; but if there is a conflict in the evidence the conflict must be decided by the jury before the legal value of the facts can be pronounced by the court.

Plaintiff was injured by the fall of a scaffold erected by his fellow workmen and his employer. There was testimony on behalf of plaintiff, contradicted by defendant's evidence, that the scaffold was erected in haste, that wrought iron nails should have been used, that they should have been driven at an angle, that cleats should have been used, and that without these the scaffold was unsafe.

*Held,* that, as these were questions of fact and not of law, they should have been left to the jury, and a binding charge in favor of defendant was error.

The facts that the scaffolding fell under less weight than similar scaffolding had sustained previously; that it was built not by carpenters but by men unfamiliar with such work, while not proof of negligence are circumstances proper for the jury to take into account and which may help them to a conclusion upon the question of negligence.

Argued March 10, 1891. Appeal, No. 166, Jan. T., 1891, by plaintiff, Elmer Cougle, from judgment of C. P. Northampton Co., April T., 1890, No. 12, on verdict for defendants, Joseph J. McKee and H. Thomas Milson, trading as McKee & Milson. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ. Reargued March 8, 1892, before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for injuries caused by negligence of defendants in construction of scaffold.

The facts appear by the opinion of the Supreme Court.

At the trial, SCHUYLER, P. J., gave binding instructions for defendants.

*Error assigned* was this instruction, quoting it.

*Russell C. Stewart* and *Henry W. Scott,* for appellants.

*W. E. Doster,* for appellees.

OPINION BY MR. JUSTICE WILLIAMS, October 31, 1892.

There is but a single question raised on this record. In considering that question it is best to recall the familiar propo-

sition that questions of fact are for the determination of the jury. The facts once established or conceded, their legal effect is for the court. When therefore upon all the evidence no question of fact is left in doubt or in controversy the trial judge should direct the verdict; but if facts are in doubt, or there is conflict in the evidence relating to them, the doubt must be resolved or the conflict decided by the jury, before the legal value of such facts can be pronounced by the court. In the case now before us at the conclusion of the evidence the learned judge of the court below directed a verdict in favor of the defendants, and the question now to be decided is whether the facts were free from controversy or doubt, so that there was no question to be decided by the jury.

The defendants are contractors who were engaged in building a stand-pipe for the borough of Bethlehem. The structure was to be of iron, fifty feet in height and fifty feet in circumference. It was built in sections or rings, each of which was five or six feet in height. After the first ring was secured to the bottom of the stand-pipe a scaffold was erected extending around the inside of it, from which a second ring was bolted upon the first. The scaffold was then raised again and a third ring put in place, and so on until a height of forty-five feet was reached. So far the scaffolds had been regularly built by a competent carpenter and they had successively sustained the weight of the workmen and the materials and tools required by them. The last ring was all that remained to complete the walls of the stand-pipe, and to put this in place it became necessary to raise the scaffold once more. The carpenter was not sent for to do this work, but Milson, one of the defendants, taking Murphy one of the ironworkers on the structure with him, erected the scaffold, completing it just as the day closed. On the following morning soon after the workmen began their labor part of the scaffold fell, taking several of the men down with it a distance of forty-five feet. The plaintiff was among those who fell and was seriously injured. If his employers were guilty of negligence in not providing him with a safe place on which to work, he can recover, in the absence of contributory negligence on his part. If they were not, he has no cause of action. This question is one of law, if the facts on which it is raised are settled; but if the facts are in doubt or if the evi-

dence in regard to them is conflicting, the doubt or the conflict must go to the jury for settlement, and an ascertainment of the facts. Was there doubt or conflict over the facts in this case on which the question of negligence rested? There was first the fact of the fall, which took place almost immediately after the workmen began to use it and with four less workmen than had worked upon the lower scaffolds. This is not proof of negligence, but it is a circumstance which the jury may properly take into the account with other facts and circumstances, and which may help them to reach a conclusion. Next is the fact that this scaffold was not built by a carpenter but by men not familiar with that sort of work. It does not follow from this that the work was not well done but it is a circumstance that the jury may properly consider. Then there is the fact alleged by the plaintiff and denied by the defendants, that it was built in haste. The plaintiff alleges and calls witnesses to testify that wrought iron nails should have been used, that they should have been driven with an inclination, that the ledger boards should have been supported by cleats or blocks in addition to the nails, and that without such supports the scaffold could not be considered safe, or properly built. True, an equal and perhaps a greater number of mechanics testify that cleats and blocks are unnecessary and that this scaffold as described by the witnesses was securely built, but who shall say which class of witnesses should be credited? If skilled mechanics cannot agree upon the character of the scaffold, is it possible that a judge can say as matter of law that there was no negligence in the manner of its construction? Very clearly this was a question of fact. It should have gone to the jury for determination in the light of all the evidence in the case. If they conclude that the defendants furnished a safe scaffold for the plaintiff to work upon, or that they exercised the measure of care in the effort to provide one which the law requires of them, then the plaintiff cannot recover. If they conclude that the defendants did not exercise proper care to make the scaffold safe, then he may recover unless his own negligence contributed to the injury.

This is a hard case in any aspect of it, and requires careful consideration. The plaintiff has suffered great injury, but the defendants ought not to be called upon to respond in damages

for the lives and limbs of the sufferers by this accident unless it is fairly chargeable to their want of care for the safety of those in their employ. This question however upon the evidence as it is presented to us was one of fact and not of law.

The judgment must for this reason be reversed and a venire facias de novo awarded.