## Bennett *v.* Standard Plate Glass Co., Appellant.

*Negligence—Master and servant—Defective appliance.*

An employer who has had ample opportunity to discover a defective appliance, and does not repair it within a reasonable time, is liable in damages to an employee who is injured by reason of the defective appliance while in the performance of his duties.

Plaintiff was employed to attend a revolving polishing table in defendant's glass works. At one end of the table where he was employed there was a bridge made of plank across a trench, in which was the revolving shaft which moved the table. Between the engine which moved the shaft, and the plank, the trench was uncovered. Against the plank farthest from

the table, and nearest the engine, a guard or barrier was usually maintained to protect the employees.   It was testified that the barrier had been removed for some time before the accident; plaintiff said two or three weeks, other witnesses said three or four days.   It appeared that the general manager of defendant company was in the room almost every day. Plaintiff, in crossing the bridge in the performance of his duty, fell into the trench, and was injured.   *Held,* that the case was for the jury.

Argued Oct. 29, 1893.   Appeal, No. 288, Oct. T., 1893, by defendant, from judgment of C. P. Butler Co., March T., 1891, No. 91, on verdict for plaintiff, Joseph Bennett.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries.   Before HAZEN, P. J.

At the trial it appeared that plaintiff, a boy fifteen years of age, was engaged in attending a revolving polishing table used by defendant company for the purpose of polishing plate glass.   The table was kept in motion by an engine located some four or five feet distant from the table.   From the engine a revolving shaft ran to the end of the table through a trench about three feet wide and three feet deep.   Near the table some planks had been placed over the trench upon which the employees might walk in performing their duties at the table. Against the plank farthest from the table, and nearest the engine, a guard or barrier was usually maintained.   It was testified that this barrier had been removed for some time before the accident; plaintiff said two or three weeks, other witnesses said three or four days.   The duties of plaintiff were to keep continually walking around the table throwing or sprinkling rouge from a bucket with a brush upon the glass to keep it from drying, and also to inspect the glass so as to see that it kept its place upon the table.                                •

On Aug. 21, 1891, plaintiff, while in the performance of his duties, slipped on the planks covering the trench, and fell into the open space on the revolving shaft, and was injured.   It appeared from the testimony that the general manager of defendant was in the room almost every day.

Plaintiff's points were among others as follows :

" 5. If the defendant company removed the guard or barrier where the accident occurred, and voluntarily subjected the plaintiff to danger, which in good faith defendant ought to have pro-

vided against, they are liable for any injury arising therefrom." Affirmed. [1]

" 6. If the plaintiff, in obedience to the requirements of the defendant company, and exercising ordinary prudence, was required to keep walking around the polishing table, supplying it with the polishing material, in the discharge of the duties imposed upon him, it would not be contributory negligence on his part if he did know that the guard or barrier had been removed, and was not being maintained by defendant, unless it was so obviously and immediately dangerous that a man of common prudence would refuse to work. *Answer :* This is affirmed, but this is a question of fact for the jury to pass upon from all of the evidence." [2]

Defendant's points were as follows :

" 1. The danger in operating the polishing bench where the accident happened was patent and known to Joseph Bennett. There is no evidence that he notified the defendant company and requested that the barrier or guard should be replaced. He assumed the risk attendant on the use of the machinery in that condition, and is not entitled to recover for the injury received by him. *Answer :* This is affirmed, save the last clause, which is refused." [3]

" 2. The evidence on the part of the plaintiff shows that the barrier was removed by the machinist, a fellow employee of Joseph Bennett. The undisputed testimony in the case is that the machinist had orders to replace the barrier or notify the carpenter, and that the carpenter was not notified. If there was any negligence it was that of a fellow servant, and there can be no recovery for such negligence. Under the undisputed testimony, therefore, there can be no recovery in this case. *Answer :* As a whole, this point is not affirmed." [4]

" 3. The evidence shows that the machine could have been stopped when it was necessary to go in the dangerous place, if it was necessary to go in there, and that the machine could have been operated without passing the place of danger, though not so conveniently. Joseph Bennett therefore assumed the risk and cannot now recover. *Answer :* This as a whole is not affirmed. But this is a matter of fact for the jury to pass upon from all of the evidence." [5]

4. Request for binding instructions. Refused. [6]

Verdict and judgment for plaintiff for $2,500.   Defendant appealed.

*Errors assigned* were (1–6) instructions, quoting them.

*C. Walker* and *T. C. Campbell*, for appellant, cited : Ry. v. Bresmer, 97 Pa. 103; Mansfield Coal Co. v. McEnery, 91 Pa. 185; R. R. v. Hughes, 119 Pa. 301 ; Diehl v. Iron Co., 140 Pa. 487 ; Wannamaker v. Burke, 111 Pa. 423; R. R. v. Huber, 128 Pa. 63; Brownfield v. Hughes, 128 Pa. 194; Stoll v. Hoopes, 22 W. N. 159; Brossman v. R. R., 113 Pa. 490 ; Reese v. Clark, 146 Pa. 465 ; Rumsey v. R. R., 151 Pa. 74 ; Kehler v. Schwenk, 151 Pa. 505; Rummell v. Dilworth, 111 Pa. 343 ; Kehler v. Schwenk, 144 Pa. 348 ; Nagle v. R. R., 88 Pa. 35 ; O'Keefe v. Thorn, 24 W. N. 379 ; s. c. 2 Mona. 73; Erie v. Magill, 101 Pa. 616 ; Forker v. Sandy Lake Boro., 130 Pa. 123 ; Lynch v. Erie City, 151 Pa. 380 ; Haven v. Bridge Co., 151 Pa. 620 ; Drake v. R. R., 137 Pa. 352; R. R. v. Lyons, 119 Pa. 324 ; Hart v. Coke Co., 131 Pa. 125 ; McCool v. Coal Co., 150 Pa. 638 ; Lewis v. Seifert, 116 Pa. 628; Pawling v. Hoskins, 132 Pa. 617; Bemisch v. Roberts, 143 Pa. 1 ; Patterson v. R. R., 76 Pa. 389; R. R. v. Watson, 114 Ind. 20.

*Lev. McQuistion, Charles McCandless* and *Kennedy Marshall* with him, for appellee, cited : Mullan v. Steamship Co., 78 Pa. 25; N. Y., L. E. & W. R. R. v. Bell, 112 Pa. 400; Patterson v. P. & C. R. R., 76 Pa. 389; Clarke v. Holmes, 7 H. & N. 937 ; Caldwell v. Brown, 53 Pa. 453 ; Frazier v. Pa. R. R., 38 Pa. 104 ; Kehler v. Schwenk, 151 Pa. 518; Coombs v. New Bedford Cordage Co., 102 Mass. 572; Ross v. Walker, 139 Pa. 42; Patterson v. Pittsburgh & Connellsville R. R., 76 Pa. 395.

PER CURIAM, October 30, 1893 :

We do not see how this cause could have been taken from the jury.   The plaintiff was engaged strictly in the performance of his duty at the time of the accident, in the very manner in which his duty was to be performed.   While it must be conceded that the plank walk over the pit containing the shaft was somewhat dangerous while the barrier was removed, it can hardly be said to have been imminently dangerous, so that no

prudent person would use it, because the plaintiff did use it safely for some time while in its impaired condition.   It was his duty to inform his employer of its condition, but if the employer had notice of its condition, and did not repair it within a reasonable time, he was, under all authorities, guilty of culpable negligence in that regard.   It was testified that the barrier had been removed for some time before the accident; the plaintiff said two or three weeks, other witnesses said three or four days.   Either period was sufficient to enable the defendant to discover the defect, especially as it was testified that the general manager of the defendant was in the room almost every day.   The case then presents simply the aspect of a defective appliance, which the defendant had ample opportunity to discover, but did not repair the defect, and the plaintiff received his injury while in the performance of his duty and without fault on his part.   In such circumstances there can be no doubt that the jury would be justified in finding culpable negligence on the part of the defendant, and no contributory negligence on the part of the plaintiff, which they did under proper instructions from the court.

Judgment affirmed.