## Toban *v.* Lehigh & Wilkes-Barre Coal Company, Appellant.

*Negligence—Railroads—Grade crossing—"Stop, look and listen"—Question for jury.*

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing, the case is for the jury, and a verdict and judgment for plaintiff will be sustained where the evidence, although contradictory, tends to show that the plaintiff made a stop and observation at the place recognized by travelers on that road as the proper one, and that he then proceeded with his team without making another stop, and was struck on the crossing by a passing train.

Argued Jan. 14, 1904. Appeal, No. 34, Jan. T., 1904, by defendant, from judgment of C. P. Luzerne Co., March T., 1900, No. 260, on verdict for plaintiff in case of J. T. Toban v. Lehigh & Wilkes-Barre Coal Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WHEATON, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

The court refused to give binding instructions for defendant.

Verdict and judgment for plaintiff for $301. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Arthur Hillman*, with him *H. W. Palmer* and *A. H. McClintock*, for appellant.

*John T. Lenahan*, with him *Paul Schmidt*, for appellee.

OPINION BY ORLADY, J., March 14, 1904:

The plaintiff was seated in a covered wagon driving a two-horse team along a public road with which he was familiar

when about forty feet distant from a grade crossing he stopped his team and looked for a train. Not seeing any he proceeded on a down grade without making another stop and entered upon the crossing, when his team was struck by a train of cars which was being pushed by an engine. The railroad was a narrow gauge mine road, the crossing was located on a sharp curve, in a cut; where, according to the testimony of the plaintiff and several of his witnesses, the cars could not be seen from the highway after leaving the point where the plaintiff had stopped and looked, as a dwelling house, out buildings and board fence interfered with the view. The location of a house at the top of the hill was recognized and adopted by teamsters as the proper and safe place to look for an approaching train as it could be seen from behind the house. There were the usual contradictions between the witnesses as to view and distance, but the above were necessarily found by the jury in favor of the plaintiff's contention.

The crossing was so located on the curve of the railroad that when standing on it a train would be visible only a short distance, which distance varied, according to testimony of witnesses from ten to 100 feet. Kinter v. Penna. Railroad Co., 204 Pa. 497, is relied on as controling this decision. The rule therein announced is an affirmance of a line of well considered cases that have been consistently followed whenever the facts warranted the application of the rule, but, when the facts are disputed and the inferences to be drawn from them are doubtful, the conflicting facts must be decided by a jury before their legal value can be pronounced by the court: Cougle v. McKee, 151 Pa. 602; Wilson v. Penna. R. R. Co., 177 Pa. 503; Laib v. Penna. R. R. Co., 180 Pa. 503. In Kinter v. Railroad Co. there were two persons in the wagon, either of whom could have gone forward to look for an approaching train, while the other could have given necessary attention to the team. In that case we have a five-track steam trunk line road with an approach on a level, where trains were to be expected at very brief intervals, and the only point of view where the approaching train could be seen was but five feet distant from the first track, by reason of buildings near to the road. This narrow gauge mine road was approached on a sharp decline. As the driver was alone, it well might be a very reckless and foolish thing for him to

leave his team and loaded wagon unattended on a down grade, while he walked forward to the crossing to look along its curve for so short a distance and then return to bring up his team. He had a right to cross the track, and while he must be held rigidly to the rule of stop, look, and listen, it is also well settled that notwithstanding the drawbacks of the place where he stopped, it still had sufficient advantages over other places, to make it the habitual choice of travelers on that road. Only a jury can say whether or not it was the best, or even a proper place to stop, and if it were, whether, considering its disadvantages, the plaintiff was not negligent in failing to stop a second time before reaching the track. In Newman v. Delaware, etc., Railroad Co., 203 Pa. 530, and also in Siefred v. Penna. R. R. Co., 206 Pa. 399, the plaintiff stopped and looked when about sixty to seventy feet distant from the crossing and it was held in each case that the question of contributory negligence was for the jury. In the case before us the plaintiff made his stop and observation at the place recognized by the travelers on that road as the proper one, and the care or culpability with which he approached the crossing was properly left to the jury.

The judgment is affirmed.