# Finan, Appellant, *v.* Sutch.

*Negligence—Master and servant—Plasterer—Scaffold.*

A master does not insure his own employees against each other, nor is he bound to supervise or direct every detail of their labor. They must exercise their own senses in the selection of material out of the mass provided for them and must use their own judgment in the handling and use of it.

A plasterer cannot recover from his employer damages for personal injuries sustained by the breaking of a board in a scaffold on which he was working, where it appears that the board broke because of a knot

in it; that the employer had furnished an abundant supply of good lumber for the construction of the scaffold; and that the scaffold had been built by journeymen plasterers under a rule of their organization, which required them to construct scaffolding for their own use. In such a case the plasterers who built the scaffold were fellow servants of the man who was injured.

· ·Argued Jan. 7, 1908. Appeal, No. 190, Jan. T., 1907, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1902, No. 3,140, for defendant non obstante veredicto in case of Thomas Finan v. Daniel K. Sutch. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

· Trespass to recover damages for personal injuries. Before STAAKE, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,000.

The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Robert W. Archbald, Jr.,* with him *Thomas Diehl* and *Simpson & Brown,* for appellant.

*W. W. Smithers,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 16, 1908:

The appellant was injured while employed as a plasterer by falling from a scaffold on which he was working at the time a board he was standing on broke. The trial judge submitted the case to the jury and a verdict was rendered in favor of the plaintiff. Subsequently after due consideration, on motion made, judgment non obstante veredicto was entered for defendant. The negligence alleged in the statement of claim is that the scaffold was improperly and negligently constructed and by reason of the faulty construction and improper materials used the board broke and the injuries resulted. The fact is that there was a knot in the board which was hidden by the mortar so that it could not be seen. This

weakened the board to such an extent that it gave way under the weight of appellant. The question is whether the appellee is guilty of negligence under these circumstances. The evidence shows that the scaffold was erected by journeymen plasterers in the employ of appellee from materials furnished by him before appellant began work. The testimony is uncontradicted that appellee furnished an abundant supply of good lumber and other materials for the construction of the scaffold and that the journeymen plasterers who erected it used their own discretion in selecting the particular boards and other materials used in that construction. It was not the duty of the employer to examine every piece of lumber used in the construction of the scaffold. It was his duty to provide suitable lumber and other materials, and under the rules of their organization the journeymen plasterers were required to construct the scaffold for their own use. They were the fellow servants of appellant and if they negligently constructed the scaffold, or selected from the general supply of lumber furnished for that purpose a board with a knot in it, and that should be held to be a negligent act, it would be the negligence of a fellow servant who selected a board weakened in this respect, and not of the master who provided a plentiful supply of good material. This case in all important particulars is ruled by Ross v. Walker, 139 Pa. 42, wherein it was held that the master does not insure his own employees against each other, nor is he bound to supervise or direct every detail of their labor. They must exercise their own senses in the selection of material out of the mass provided for them, and must use their own judgment in the handling of it and in the erection of the scaffold. Under the rules of the organization to which appellant belongs the employer was not permitted to build the scaffold. His duty ended when he furnished proper materials with which to construct it, which he did, and it would be a most unjust rule to hold him responsible for the construction with which he had nothing to do, or for the selection of a piece of bad lumber, by a fellow servant of appellant, when he had furnished an ample supply of good lumber for this purpose. We think the learned court below properly disposed of the case.

Judgment affirmed.