# Paget *v.* Girard Trust Company, Appellant.

*Negligence—Sidewalk—Fall through cellar door.*

In an action to recover damages for personal injuries caused by a fall through a closed cellar door on the property of the defendant, it appeared that the plaintiff, a woman, was walking in broad daylight on defendant's sidewalk, to escape from rain and without any invitation or knowledge of the defendant, took shelter under a shed and stepped upon a closed cellar door under the shed. The sidewalk at the place of the accident was thirteen feet wide. The house line receded at this point from the building line so as to leave a space of twenty feet between the house line and the curb. The outer edge of the cellar

door was nearly two feet inside of the building line, and was raised three inches at the lower end and from seven to nine inches at the house line end. From the outer edge of the cellar door to the curb there was a space of fourteen feet nine inches which included the sidewalk of thirteen feet. *Held*, that the plaintiff was a trespasser who went upon the defendant's premises for her own convenience, and was therefore not entitled to recover.

Argued Oct. 13, 1910. Appeal, No. 83, Oct. T., 1910, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1907, No. 1,190, on verdict for plaintiffs in case of Albert Paget and Mary Hannah Paget, his wife, in right of Mary Hannah Paget, and Albert Paget in his own right v. Girard Trust Company, trustee under the will of Thomas H. Powers, deceased. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Martin, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Albert Paget for $50.00 and for Mary Hannah Paget for $150. Defendant appealed.

*Error assigned* was in refusal of binding instructions for defendant and in refusing to enter judgment for defendant n. o. v.

*A. H. Wintersteen*, for appellant.—The plaintiff was a trespasser, to whom the appellant owed no duty: Thompson v. R. R. Co., 218 Pa. 444; Gramlich v. Wurst, 86 Pa. 74; Hardcastle v. Ry. Co., 4 Hurl. & N. 67; Knight v. Abert, 6 Pa. 472; Gillespie v. McGowan, 100 Pa. 144; Baltimore & Ohio R. R. Co. v. Schwindling, 101 Pa. 258; Rodgers v. Lees, 140 Pa. 475; Moore v. R. R. Co., 99 Pa. 301.

The defendant was entitled to binding instructions or to judgment non obstante veredicto: Lonzer v. R. R. Co.,

196 Pa. 610; Holland v. Kindregan, 155 Pa. 156; Cromley v. R. R. Co., 211 Pa. 429; Shannon v. McHenry, 219 Pa. 267.

*John J. Sullivan,* for appellees.—The defendant did owe the plaintiffs a duty in the premises: Rachmel v. Clark, 205 Pa. 314; Grier v. Sampson, 27 Pa. 183; Schilling v. Abernethy, 112 Pa. 437; Myers v. Snyder, Brightly, N. P. 489; Duffy v. Sable Iron Works, 210 Pa. 326.

OPINION BY MORRISON, J., December 12, 1910:

The material facts established by the testimony are concisely stated by counsel for appellant in his history of the case, to wit:

"Mary Hannah Paget, the legal plaintiff's wife, in the afternoon of October 27th, 1907, fell through a closed cellar door on property of the defendant, No. 4300 Ridge Avenue, Philadelphia. She was walking, with her husband and two other persons, east on Ridge Avenue. It was raining. To escape from the rain, without any invitation or knowledge on the part of the defendant, she took shelter under a shed upon the defendant's property, and attempted to stand upon a closed cellar door occupying part of the space under the shed. The cellar door broke under her, and she was precipitated below. The sidewalk at the place of the accident was thirteen feet wide. The defendant's house line recedes at the point seven feet four inches from the building line, leaving a space of twenty feet four inches between the house line and the curb. The outer edge of the cellar door was one foot nine inches inside of the building line, and was raised three inches at the lower end and from seven to nine inches at the house line end. From the outer edge of the cellar door to the curb there was a space of fourteen feet nine inches which included the sidewalk of thirteen feet. The injured woman, as stated, leaving the sidewalk, stepped under the shed, and up upon the closed cellar door, which gave way under her. The plaintiff claimed negligence

on the part of the defendant in maintaining an unsafe cellar door. The defendant asked for binding instructions in its favor, on the ground that no negligence qua the injured party was shown, she being a trespasser. The trial judge, in his charge, left the question of negligence to the jury, and also submitted to it whether or not the injured woman was guilty of contributory negligence.'' The facts as above set forth were so clearly established by the testimony that they seem to have been adopted by the court and the respective counsel at the trial of the case. In our opinion the jury ought not to have been permitted to go outside of those facts in finding their verdict.

It is true that in his argument counsel for appellees now seeks to raise a question as to whether the testimony warrants the assumption that there was a three inch rise, above the pavement, at the outer edge or end of the cellar door. Upon this question the trial judge, in referring to the plan of the cellar door prepared by an engineer, said to the jury: ''Instead of placing it flat on a level with the sidewalk, he raised it three inches at the lower end and seven or nine inches at the house line, so that anyone who walked upon the door stepped up at least three inches to get on it. From the outer edge of the cellar door to the curb there was a space of fourteen feet nine inches of pavement for people to walk and stand upon.'' We think the testimony fully warranted the trial judge in so saying to the jury and it does not appear that counsel for appellees took any exception thereto at the trial. Therefore we feel quite safe in assuming that the trial judge was right in his instruction to the jury as to the elevation of the cellar door above the sidewalk and pavement. Moreover, the testimony referred to for the purpose of arguing that the elevation of the cellar door was in dispute is so vague and uncertain that a jury should not be allowed to find a fact upon it as against the clear and precise testimony on that question by other witnesses. ''When upon all the evidence no question of fact is left in doubt the

trial judge should direct the verdict:" Cougle v. McKee, 151 Pa. 602. See also Holland v. Kindregan, 155 Pa. 156; Cromley v. Penna. R. R. Co., 211 Pa. 429. It thus appearing, when the testimony was all before the court and jury, that Mrs. Paget had fourteen feet and nine inches in width of smooth sidewalk to walk upon, and that the cellar door was under a shed or awning on appellant's private property, and that it was above the level of the pavement, and that neither the appellant nor the tenant, in any manner, gave her any invitation or inducement to go upon said door, counsel for appellant took the position that Mrs. Paget was simply a trespasser upon appellant's property, and it owed her no duty under the circumstances, and requested the trial judge to say to the jury that, "under all the evidence the verdict should be for the defendant." This point was refused, and the questions of negligence of the appellant and contributory negligence of Mrs. Paget were submitted to the jury and they found in favor of the plaintiffs. Counsel then moved the court to certify the whole record and enter judgment thereon in favor of defendant non obstante veredicto. The court having refused the latter motion and granted judgment on the verdict, counsel for the appellant asked for an exception, which was granted, and the defendant appealed to this court.

The errors assigned here are: (a) the refusal of a binding instruction in favor of defendant, and (b) the refusal of judgment non obstante veredicto.

The controlling question raised by this appeal is, Was Mrs. Paget a trespasser to whom the appellant owed no duty in the premises? In our opinion, under the conceded facts in the case, the great weight of authority requires this question to be answered in the affirmative, and, therefore, the court erred in not granting judgment in favor of the defendant non obstante veredicto.

A trespasser is defined comprehensively in 29 Cyclopedia of Law, p. 444, as follows:

"A person going upon the premises of another is a tres-

passer if he does so out of curiosity, for his own purposes, or convenience, and voluntarily without invitation express or implied, and not in the performance of a duty to defendant, and without any enticement, allurement, inducement, or expressed or implied assurance of safety, or any business there, even though he is there by mistake."

The duty to trespassers is defined in the same text authority, p. 442, as follows:

"The general rule is that no duty exists toward trespassers except that of refraining from wantonly or willfully injuring them. The principle that owners of property are bound to see that persons lawfully on such premises are not injured does not extend to those who are on the premises without right or without permission. So the owner of land is under no obligation or duty as to a mere trespasser to keep his premises in a suitable condition. The mere maintenance of a dangerous nuisance on one's inclosed premises gives no right of action to one who without necessity and without the owner's invitation express or implied enters on such premises and is injured thereby. And hence as to such trespassers the owner of the premises is not required to guard elevator shafts, trapdoors or holes, excavations, falling walls, dangerous passages, or stairways."

Thompson v. Baltimore & Ohio Railroad Co., 218 Pa. 444, is a case where the doctrine enunciated in the above quotations from 29 Cyclopedia of Law, 442, 444, was applied by our Supreme Court where the injured party was a child eight years of age. But how much more do the facts in the present case call for the enforcement of this rule, when the injured person is an adult and she voluntarily, in broad daylight, walked where she was not invited and where she had no right to be. In the Thompson case above the child was injured in the nighttime. We call especial attention to the cases cited by Mr. Justice FELL in Thompson v. Baltimore & Ohio Railroad Company, 218 Pa. 444. The latter authority has been cited in the following cases: Walsh v. Pittsburg Railways

Co., 221 Pa. 463; Weaver v. Carnegie Steel Co., 223 Pa. 238; Millum v. Lehigh, etc., Coal Co., 225 Pa. 214.

That the above cases establish no new doctrine may be seen by referring to Gillis v. Penna. R. R. Co., 59 Pa. 129, where Mr. Justice SHARSWOOD (p. 141) said: "It is, however, equally well settled that the owner of property is not liable to a trespasser, or to one who is on it by mere permission or sufferance, for negligence of himself or servants, or for that which would be a nuisance if it were in a public street or common, where all persons had a legal right to be without question as to their purpose or business."

It cannot be well contended in the present case that Mrs. Paget had the legal right to leave the public street, with a wide smooth sidewalk, and go upon appellant's private property and walk and stand on its cellar door. In Gramlich v. Wurst et al., 86 Pa. 74, it is said: "The law fully recognizes the right of him who, having the dominion of the soil, without malice does a lawful act on his own premises, and leaves the consequences of an act thereby happening where they belong, upon him who has wandered out of his way, though he may have been guilty of no negligence in the ordinary acceptation of the term."

If the appellant's cellar door had been in or so near to the sidewalk that persons using the walk might reasonably believe the door was a part of the walk, or might inadvertently get upon it while attempting to use the sidewalk, we can readily see why the cases cited by appellee's counsel would be important. But this cellar door was not in the sidewalk and its construction and elevation, as well as its location, very plainly indicated to all persons using the walk that the cellar door was not intended to be walked upon. Moreover, Mrs. Paget does not claim that she was in any manner deceived into the belief that the door was a part of the walk; nor does she claim that by reason of it being close to the walk she inadvertently stepped upon it. But, on the contrary, she admits going

off the walk deliberately onto private property, and of her own free will going upon the cellar door. We think the above facts distinguish this case from each and all of the cases cited and relied on by counsel for appellees, to wit: 29 Cyclopedia of Law, 443; Rachmel v. Clark, 205 Pa. 314; Hydraulic Works Co. v. Orr, 83 Pa. 332; Grier v. Sampson, 27 Pa. 183; Schilling v. Abernethy, 112 Pa. 437; Myers v. Snyder, Brightly N. P. 489.

We have examined a large number of other cases and the argument of appellee's counsel, and the cases cited by him have received due consideration, but on all grounds the conclusion is forced upon us that the plaintiffs cannot recover because Mrs. Paget was a trespasser pure and simple and her injury is "damnum absque injuria."

The assignments of error are sustained; the judgment is reversed, and judgment is here directed to be entered by the court below, on the whole record, in favor of the defendant non obstante veredicto.