# Henessey, Appellant v. Wabash Mills Company.

*Negligence—Master and servant—Night watchman—Unguarded hatchway—Safe place to work.*

In an action by a night watchman against his employer to recover damages for personal injuries resulting from falling down an unguarded hatchway at night, the case is for the jury, where the evidence shows that plaintiff was injured on the second night of his employment; that the place where the accident occurred was in darkness, except for the light from a lantern on plaintiff's arm; that the view of the open hatchway was obstructed by bundles of goods, and that according to plaintiff's own evidence, although contradicted, his attention had not been called to the hatchway in question when he had been taken through the building at the beginning of his employment.

Argued Jan. 15, 1912. Appeal, No. 182, Jan. T., 1911, by plaintiff from order of C. P. No. 3, Phila. Co., Dec. T., 1907, No. 3713, refusing to take off non-suit in case of James Hennessey v. Wabash Mills Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCH-ZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off non-suit.

*G. Von Phul Jones,* for appellant.—A master is bound to use ordinary care to protect his servants from dangers which may be reasonably anticipated from open and unguarded hatchways or chutes: Johnson v. Bruner, 61 Pa. 58; Ferry v. Rapid Transit Co., 232 Pa. 403; Gilbert v. Elk Tanning Co., 221 Pa. 176; Clegg v. Seaboard Steel Casting Co., 34 Pa. Super. Ct. 63; Smith v. Oil City Tube Co., 183 Pa. 485.

The duty of maintaining a safe place for plaintiff to work was an absolute obligation from which only performance would relieve the defendant, and the fact that the accident might have been caused by the negligence of a fellow servant is no defense: Gilbert v. Elk Tanning Co., 221 Pa. 176; Toward v. Meadow Lands Coal Co., 229 Pa. 553.

By the Factory Act of May 2, 1905, P. L. 352, a statutory duty was imposed on defendant to keep this opening "enclosed, secured or guarded:" Wood v. Philadelphia, 46 Pa. Super. Ct. 573; Jones v. American Caramel Co., 225 Pa. 644; Bollinger v. Crystal Sand Co., 232 Pa. 636.

*F. B. Bracken* of *Loughlin & Bracken,* for appellee.— There was no evidence of negligence: Pawling v. Hoskins, 132 Pa. 617; Clough v. Hoffman, 132 Pa. 626; Kupp v. Rummel, 199 Pa. 90; B. & O. R. R. Co. v. Brown, 146 Fed. Repr. 24; Hoffman v. Clough, 124 Pa. 505.

OPINION BY MR. JUSTICE ELKIN, February 12, 1912:

This is an action to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant company. The negligence charged is that defendant maintained dangerous hatchways, used for the purpose of raising and lowering merchandise, and had permitted one of these hatchways on an upper floor to be left unguarded, unprotected and uncovered, as a result of which failure to

properly guard, appellant in discharge of his duties as a night watchman and without notice of the dangerous situation, fell through the open hatchway to the floor below and sustained the injuries about which complaint is here made. In other words, appellant contends that he was not provided a reasonably safe place to work. At the conclusion of the testimony produced by the plaintiff tending to show negligence, defendant moved for a non-suit, which was granted by the learned trial judge on the ground that the evidence was not sufficient to charge the defendant with negligence within the meaning of the law. From the judgment so entered this appeal was taken. Appellee relies on Pawling v. Hoskins, 132 Pa. 617; Clough v. Hoffman, 132 Pa. 626; Kupp v. Rummel, 199 Pa. 90, and other cases and principles of like character to sustain the judgment of non-suit. Appellant contends that it was the duty of the appellee company to use ordinary care to protect its servants from dangers which should have been reasonably anticipated from open and unguarded hatchways, and that under the facts of the present case it was for the jury to say whether there had been a failure to perform this duty. To sustain this contention, Johnson v. Bruner, 61 Pa. 58; Bennett v. Plate Glass Co., 158 Pa. 120; Smith v. Oil City Tube Co., 183 Pa. 485; Gilbert v. Elk Tanning Co., 221 Pa. 176 and Ferry v. Rapid Transit Co., 232 Pa. 403, are cited. The principle underlying each class of cases is sound but its application depends upon the facts. If appellant had been familiar with the premises and had known of the location of the hatchway, his right to recover to say the least would be very doubtful, but his own testimony is positive that he had no knowledge of a hatchway in the floor at the place where the accident occurred, and that he had not seen it during the short time he was employed as night watchman. The accident occurred in the night time of the second day of his employment and a view of the hatchway was to

some extent obstructed by bundles of cotton and other materials piled near it. The place was in darkness, the only light furnished being that of a lantern carried on the arm of appellant. Under such circumstances nothing could have been more dangerous than an open unguarded hatchway in the floor over which the watchman in the performance of his duties had to walk several times each night in total darkness except as his footsteps might be guided by the light of his lantern. It is argued for appellee that the testimony of the witness, Brooke Carl, shows appellant to have been familiar with the location of the hatchway in question, it having been pointed out to him the day before when he was taken through the building for the purpose of being familiarized with his duties. Appellant positively denies that he saw the hatchway at that time, or that it was pointed out to him by Carl, and the testimony of Carl leaves the question in doubt. But even if there was a variance in the testimony of these two witnesses as to the fact in dispute, it would still be a question for the jury. We cannot agree that this is a case where the employer is relieved from liability because a workman employed in other duties during the day left the hatchway open. If the testimony of appellant is believed, and his credibility is for the jury, he did not know that there was a hatchway on that floor, and had no notice of this hidden danger to put him on inquiry. We are all of opinion that this case was for the jury.

Judgment reversed and a venire facias de novo awarded.