## Killmeyer *v.* Forged Steel Wheel Company, Appellant.

*Negligence—Master and servant—Safe place to work—Contributory negligence—Assumption of risk—Case for jury.*

1. The duty to provide a reasonably safe place to work and to maintain it in a reasonably safe condition by inspection and repair is a direct, personal and absolute obligation, from which nothing but performance can relieve the employer, and the person to whom it is delegated becomes the vice-principal whose neglect is the neglect of the employer.

2. The question of contributory negligence cannot be treated as one of law unless the facts and the inferences to be drawn therefrom are free from doubt. If there be doubt as to the facts or inferences, the case is for the jury.

3. Where the defense of assumption of risk is set up in an action to recover damages for personal injuries, the case is for the jury where the facts are controverted or where different inferences may be drawn therefrom.

4. In an action to recover damages for personal injuries, the case is for the jury and a verdict for the plaintiff will be sustained where it appears that at the time of the accident the plaintiff was employed by the defendant company in a room the floor of which

consisted of removable iron plates designed for the purpose of affording access to large presses on the floor below; that one of these plates four by eight feet in dimension had been removed and the hole left unguarded at the time of the accident; and that plaintiff in ignorance of this condition and while in the discharge of his duties inadvertently walked into the hole and sustained the injuries complained of.

Argued Oct. 16, 1913. Appeal, No. 225, Oct. T., 1913, by defendant, from judgment of C. P. Butler Co., Sept. T., 1912, No. 63, on verdict for plaintiff in case of William Killmeyer v. The Forged Steel Wheel Company, a corporation. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PRATHER, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,180, and judgment thereon. Defendant appealed.

*Errors assigned* were answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*W. D. Brandon,* of *Brandon & Brandon,* for appellant.

*T. C. Campbell,* with him *John H. Wilson,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

In refusing the motion for judgment non obstante veredicto the learned judge who presided at the trial in the court below made the following summary of the material facts as they appeared from the testimony: "The uncontroverted evidence in this case showed that the plaintiff was an employee of the defendant company, and, while so employed, fell into an unguarded hole in the floor of the defendant company's plant. It appeared

that the floor consisted of removable iron plates, so designed for the purpose of affording access to the large presses of the defendant company, whose foundations were some ten or twelve feet below the floor level covered by said iron plates. One of these, about four by eight feet in dimension, had been removed the day or evening in question and left removed and the hole unguarded during the night and the plaintiff, while in the discharge of his duties as an employee, inadvertently walked into it and was seriously injured." The contention of appellant is that a verdict should have been directed in its favor at the trial, or that judgment non obstante should have been subsequently entered. We think the evidence of negligence was sufficient to carry the case to the jury. The case at bar belongs to that class of cases represented by Johnson v. Bruner, 61 Pa. 58; Bennett v. Plate Glass Co., 158 Pa. 120; Smith v. Oil City Tube Co., 183 Pa. 485; Gilbert v. Elk Tanning Co., 221 Pa. 176; and Henessey v. Wabash Mills Co., 235 Pa. 31. In the case of Gilbert v. Elk Tanning Co. the rule was stated as follows: "The duty to provide a reasonably safe place to work and maintain it in a reasonably safe condition by inspection and repair is a direct, personal and absolute obligation from which nothing but performance can relieve an employer, and the person to whom it is delegated becomes a vice-principal whose neglect is the neglect of the employer." Under the facts of the present case it was for the jury to say whether appellant performed its duty in providing a reasonably safe place to work. The removal of the large iron plate left an unguarded hole in the floor and made the place a dangerous trap to those who had occasion to pass that way in the performance of their duties. This was especially true as to the employees who worked near the hole in the night time and who had no notice of its being unguarded. Under such circumstances the court could not say as a matter of law that the employer had furnished a reasonably safe place to work and was there-

fore guilty of no negligence. The question of negligence was for the jury and it was submitted with careful instructions as to the respective duties of the parties under the law. The same may be said as to the contributory negligence of the plaintiff. This was also for the jury. If the plaintiff saw the hole and knew it was uncovered, it would have been his duty to have avoided the danger of failing into it, but there is no evidence that he knew these facts. It is argued that he must have known of the existence of the unguarded hole because other employees who worked with him saw it a few minutes before the accident. That the plaintiff did not see it is shown by the fact that he fell into it and was very seriously injured. The question of contributory negligence cannot be treated as one of law unless the facts and the inferences to be drawn from them are free from doubt. If there be doubt as to the facts or inferences, the case is for the jury. This is the rule of all our cases. The case at bar comes within this rule and it was for the jury to say whether plaintiff was guilty of contributory negligence. This question was submitted to the jury under proper instructions and we find no error in the manner of the submission. We cannot agree that this is a case in which the court should have declared as a matter of law that the employee assumed the risk. In a very recent case this court held that where the facts are controverted, or such that different inferences may be drawn from them, the question of the assumption of risk should be submitted to the jury under proper instructions: Robson v. L. V. R. R. Co., 236 Pa. 89. It is doubtful whether the doctrine as to the assumption of risk has any application to the present case, but even if it had, it was a question for the jury under the authority of the case just cited and others of like import.

We find nothing in the assignments constituting reversible error. The first is without substantial merit, and the second, third and fourth relate to the refusal of the trial judge to give binding instructions in favor of

the defendant. We have already said that this was a case for the jury and it therefore would have been error to have given binding instructions. The fifth assignment relates to the refusal of the motion for judgment non obstante. In view of what has already been said it would have been error for the court below to have entered judgment in favor of the defendant upon the whole record.

Judgment affirmed.