## James v. Snellenburg, Appellant.

*Negligence—Master and servant—Safe place to work—Passage-way in store—Trap doors—Contributory negligence—Case for jury.*

In an action to recover damages for personal injuries sustained by plaintiff, an employee of defendant, in consequence of falling through a trap door opening in the floor of a passage way in defendant's store, the case is for the jury and a verdict for the plaintiff will be sustained where there was evidence to the effect that the trap door had been left open by defendant's servant, that the opening extended over a large part of the passage way which plaintiff was required to use, was directly in the line of travel, and at the time of the accident was entirely unguarded; and that the passage way was but dimly lighted, and though it had often been used by plaintiff he had never before seen the trap door, which was usually closed.

Argued Jan. 12, 1914. Appeal, No. 236, Jan. T., 1913, by defendants, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1911, No. 5052, on verdict for plaintiff in case of J. Howard James v. Nathan Snellenburg, Simon L. Block, Samuel Snellenburg, Joseph Snellenburg, Abraham Snellenburg, Harry Snellenburg, Morton E. Snellenburg, Harry M. Nathanson, Bernard Block, co-partners, trading as N. Snellenburg & Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500 and judgment thereon. Defendants appealed.

*Errors assigned* were in refusing to direct a verdict for defendants and to enter judgment for defendants n. o. v.

*F. B. Bracken,* of *Loughlin & Bracken,* for appellants.

*Joseph P. Rogers,* with him *George A. Welsh,* for appellee.

OPINION BY MR. JUSTICE POTTER, March 9, 1914:

The plaintiff in this action sought to recover damages for personal injuries alleged to have been suffered by reason of the negligence of the defendants. On January 13, 1912, plaintiff was employed by defendants as the driver of a delivery wagon, and had been so engaged for several years. In order to reach the shipping department of defendants' store, to get packages for his wagon, plaintiff was obliged to go through a passage-way about four feet wide in the basement of the store. Electric lights were provided in the passage, but plaintiff testified that the accident occurred about eleven o'clock in the forenoon, at a time when the people in the basement were generally at lunch, and the lights were turned out. It appears from the evidence of defendants that a desk having two lights over it was situated about four feet from the place where the accident happened, but those lights were shaded and between them and the place of the accident was a post. In the floor of the passage-way was a trapdoor, some two feet wide and three feet long, opening into the cellar. When closed it lay flat with the floor and was lifted by a ring and a hook. Plaintiff testified that he had been using this passage-way for years, but never knew of the existence of the trapdoor in the floor. At the time of the accident, plaintiff was on his way to the shipping room from the street to get packages and walked into the opening in the floor, and fell through to the cellar below, sustaining the injuries for which he here seeks to recover. The trapdoor was open, and the hole was uncovered. The testimony on the part of defendants showed that the door had been left open by their elevator repair man, who had gone through the opening into the cellar a short time before, for the pur-

pose of doing some work on an elevator. The repair man testified that he had put a barrel along side of the opening to guard it, but this was denied by witnesses for plaintiff. Upon the trial counsel for defendants requested binding instructions in their favor, but these were refused and the questions of negligence and contributory negligence were left to the jury. The verdict was in favor of the plaintiff. A motion for judgment non obstante veredicto was made by counsel for defendants, which was overruled, and judgment was entered on the verdict. Defendants have appealed. The only question here raised is whether there was sufficient evidence of defendants' negligence to justify its submission to the jury. The evidence shows that the opening was temporary in its nature. In width, it extended over a large part of the passage-way, and it was directly in the line of travel. If the needs of defendants' business required such an opening for use at intervals, it was certainly a question, whether under the circumstances, prudence did not require the provision of a movable rail, or other effective protection, to guard against danger to those using the passage-way without knowledge of the existence of the temporary opening. We do not think the trial court could have properly assumed as matter of law, that the defendants were under no obligation to place a guard, or a barrier, around the opening when it was in use. It was for the jury, under proper instructions, to find whether proper care was exercised by defendants, under the circumstances. The case falls within the principles laid down in Henessey v. Mills Co., 235 Pa. 31; and in Curry v. Refining Co., 239 Pa. 302. The question of contributory negligence, upon the part of plaintiffs, was also for the jury. Plaintiff had used the passage-way many times, and had never seen the trapdoor in the floor open before. Even if dimly lighted at the time, he may reasonably have assumed that the usual passage-way to the package room, would be kept in a reasonably safe condition for travel.

We cannot say as matter of law, that he was bound to anticipate the existence of a dangerous opening in the floor directly in his pathway, without a guard, or railing, or any other protection to one rightfully using the passage.

The assignments of error are overruled, and the judgment is affirmed.